J. John Hassett, Plaintiff, *v.* Frederick P. Kimball and Others, Defendants.

Supreme Court, Chemung County, May 16, 1932.

*Mandeville, Waxman, Buck, Teeter & Harpending* [*William H. Mandeville* and *Asbury H. Harpending* of counsel], for the plaintiff.

*William J. Maloney* [*A. J. Rodenbeck* of counsel], for the defendants.

*Hornblower, Miller, Miller & Boston* [*Mark F. Hughes* of counsel], representing certain stockholders.

*William J. Maloney,* specially, representing the estate of Augustus M. Herring.

PERSONIUS, J. The plaintiff is a stockholder of the Herring-Curtis Company, a corporation in dissolution. The defendants were its directors and are now in possession of and administering the assets of the corporation under section 29 of the General Corporation Law.

The plaintiff demands judgment for the removal of the defendants, the appointment of a trustee to administer the property, for an accounting by the defendants and the appointment of a receiver *pendente lite.*

The only question here is whether such receiver should be appointed.

No claim is made that the defendants are not responsible or that the funds and property of the corporation are not safely kept. The complaint, however, alleges, among other things, that the defendants have paid themselves $15,000 on account of alleged fees due them and are threatening to appropriate for their own use further large sums of money as additional compensation.

The defendants concede the payment to themselves of $15,000. They claim to be entitled thereto under section 1548 of the Civil Practice Act. This the plaintiff and other stockholders vigorously deny. It is, therefore, important to consider this question though its determination is not decisive of this motion. Said section provides for the fees of " a trustee of an expressed trust." If the defendants are trustees of an expressed trust, there might be some moral justification for their having taken a portion of their alleged statutory fees prior to their accounting.

The question cannot be finally adjudicated on this motion. Therefore, we do not discuss it at length. We are, however, of the

opinion that the defendants are not trustees of an expressed trust within the meaning of section 1548 of the Civil Practice Act. The trust of which they are trustees is not an expressed trust, as defined by our statute, or as that term is generally understood. (Real Prop. Law, § 96; Pers. Prop. Law, § 11; *Robinson* v. *Adams*, 81 App. Div. 20, 25; affd., 179 N. Y. 558; *Matter of Miller*, 257 id. 349, 357.)

The defendants have very properly secured the stockholders' approval of every substantial payment they have made, except this payment to themselves. Such payment was made without approval or request for approval. We think proper practice required such approval, or the approval of the court upon their accounting. (*Matter of Sharp*, 140 Misc. 427, 429, and cases cited.)

The defendants having made such payment to themselves without giving the stockholders an opportunity to be heard on the question of its legality or propriety, we would be inclined to appoint a receiver were it not for the added expense which would necessarily follow. These defendants came into possession of a very substantial amount of cash. The fund was liable for the payment of certain unquestionable debts and expenses of the litigation which preceded the collection of the funds. The balance belongs to the stockholders. They should receive it promptly and without dissipation in unnecessary litigation and expense of distribution. The appointment of a receiver would only increase such expense — an increase which overbalances the reasons for such appointment.

Therefore, the motion for the appointment of a receiver *pendente lite* is denied, but the order should provide that the defendants be restrained from making any further payments to themselves until the further order of the court.

We cannot, on this motion, direct the repayment of the moneys already paid by the defendants to themselves individually; nor can we adjudicate the question of the defendants' right to fees or the amount thereof. These questions must be reserved for the final accounting of the defendants or some proceeding where they can be legally determined.

Submit order in accordance herewith.