ROBINSON et al. v. ADAMS et al.

(Supreme Court, Appellate Division, First Department. March 13. 1903.)

1. WILLS—EXPRESS TRUST—POWER IN TRUST.

Statute of Uses and Trusts (1 Rev. St. [Edmond's Ed.] pt. 2, c. 1, tit. 2) § 55, subd. 3, provides for the creation of an express trust "to receive the rents, and profits of lands and apply them to the use of any person," etc. Section 60 provides that every express trust shall vest the whole estate in the trustee. Section 58 provides that, where an express trust shall be created for any purpose not enumerated, no estate shall vest in the trustee, and that the trust may be valid as a power in trust. Section 59 provides that, where a trust shall be valid as a power, the lands shall remain or descend to the persons otherwise entitled, subject to the execution of the trust as a power. The rule as to personal property is, by Personal Property Law (Laws 1897, c. 417) § 2, the same as to real property. A will giving to the executors testator's property directed that, in case any of the children should at the time of testator's death be minors, the executors were authorized "to hold and invest the share of each of such minor or minors and to receive and collect the interest and income arising therefrom and to apply the same," etc. Held, that an express trust, and not a power in trust, only, was created.

2. SAME—TRANSFER OF TRUST PROPERTY—NOTICE OF TRUST CHARACTER.

Where brokers took stock held under an express trust with notice of the source from whence it came, they were chargeable with notice of the trust, and bound by its terms.

**3. SAME—RECOVERY—ACTION BY BENEFICIARIES.**
> The mere fact that an executrix wrongfully allowed stock held under an express trust to be transferred to brokers who had notice of its trust character did not give the beneficiaries the right to maintain an action for its value, no request having been made on the remaining executors to bring an action for its recovery.

**4. SAME—DISMISSAL ON MERITS.**
> In an action by beneficiaries under a will to recover the value of trust property wrongfully allowed to be transferred by the executrix, in awarding judgment to defendants because such beneficiaries had no right to bring the action, it was error to dismiss the complaint "upon the merits."

Appeal from Special Term, New York County.

Action by Carrie A. Robinson and others against Charles Adams and others. From a judgment dismissing the complaint (63 N. Y. Supp. 816), plaintiffs appeal. Modified and affirmed.

This is an action in equity brought to recover the value of two certificates, one for 100 and the other for 84 shares of the capital stock of the Chicago & Northwestern Railway Company, the property of and formerly standing in the name of the estate of William Robinson, delivered to the defendants by authority of the executrix of said estate. At the time of bringing the suit, three of the plaintiffs were minors, appearing by their guardian ad litem; the fourth having become of age in May, 1898. The four plaintiffs are children of William Robinson, who died testate January 15, 1892, and his will was duly admitted to probate by the Surrogate's Court of Kings county, in the state of New York. Seven children survived him—the four plaintiffs and their three older sisters, Jane L. Robinson, Ida Ella Robinson, and Mary Robinson Hodgskin.

That part of the will which is controlling of this action is found in the residuary clause, and is as follows:

"I give, devise and bequeath to my wife Maria Robinson and to my children whether now in being or hereafter born, to be divided among such of my said devisees and legatees as shall survive me, equally share and share alike, provided however, that the issue of any child or children then deceased shall take the share his or their respective parent would have taken in case such parent had survived me.

"In case any of my said children or the issue of any deceased child shall at the time of my decease be minors under the age of twenty-one years, then I authorize and direct my executors hereinafter named, and the survivor of them, and their and her successors to hold and invest the share of each such minor or minors, and to receive and collect the interest and income arising therefrom and to apply the same toward his, her or their education and support until each respectively shall reach the age of twenty-one years."

Then follows the clause in which he appoints his wife and his stepmother, Jane Robinson, executors, and further saying: "I authorize and empower my executors and the survivors of them or such one of them as shall qualify and act to sell, mortgage or lease any or all real estate of which I may die seized."

The wife of the testator predeceased him, and thereafter he duly made a codicil to the said will, for the purpose of naming new executors, which, so far as material to this action, is as follows: "I do make, constitute and appoint such two of my children as shall first arrive at lawful age to be the executors of my said last will and testament jointly with my said stepmother Jane Robinson, * * * each of said children to qualify and act as soon as she or he shall arrive at lawful age, and with like powers and authority as if originally appointed in my said will."

Letters testamentary were issued February 6, 1892, to Jane Robinson, the testator's stepmother, and to his two eldest daughters, Jane L. Robinson and Ida Ella Robinson. On the same day letters of guardianship for the four plaintiffs and their sister, Mary Robinson, were issued to Jane L. Robinson.

Jane Robinson died prior to the commencement of this action. Mary came of age in 1893, and in 1895 married Adolf H. Hodgskin. The seven children of testator were the sole beneficiaries under the residuary clause of his will.

Among other items in the residuary estate were 323 shares of the preferred stock of the Chicago & Northwestern Railway Company. On October 6, 1896, 184 shares of this stock were transferred on the books of the corporation from Jane Robinson, Jane L. Robinson, and Ida Ella Robinson, executrices of the estate of William Robinson, deceased, to estate of William Robinson; new certificates being issued therefor to "estate of William Robinson"—one for 100 and one for 84 shares. This transfer was made for the purpose of holding these 184 shares of stock in the name of the estate for the benefit of the four minor children.

The three daughters who were of full age had separate accounts with the defendants, who comprised the brokerage firm of Adams McNeil & Brigham; and Adolf Hodgskin, the husband of Mary Robinson, had practical control of these accounts. Finally they were closed, and the balance turned over to the account of Hodgskin.

In July, 1897, Jane L. Robinson indorsed these 184 shares in blank, as executrix, and delivered them to Mr. Hodgskin, with directions for him to use them as he saw fit. Late in August of that year the defendant firm notified Hodgskin to increase his margins. Mrs. Hodgskin saw Jane L. Robinson, and told her that her husband needed more margins, and Jane consented that he use the 184 shares of stock for that purpose. Mrs. Hodgskin informed her husband that he could use the stock for that purpose, and he did. The stock so deposited with the defendants was sold by them, and the proceeds applied to Hodgskin's account. This action is brought to recover of the defendants the value of those 184 shares of stock. No demand was ever made upon the executrix, Jane L. Robinson, to make good the loss, nor has she ever rendered an account. She was allowed to resign without rendering her account, and the executors of the estate of William Robinson have never been requested to bring this action, nor are they made parties defendant herein.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, INGRAHAM, and LAUGHLIN, JJ.

Edward Bruce Hill, for appellants.

Selden Bacon, for respondents.

HATCH, J. The question presented by this appeal is solved by a determination as to whether a trust is created of the property devised and bequeathed by the testator, in which. event title to such property became vested in the trustees, or whether a power in trust is alone created.

The learned court at Special Term reached the conclusion that the will created a trust estate, and vested title in the property sought to be recovered in the trustees, and that the plaintiffs were therefore without standing to maintain this action. The appellants earnestly insist that this conclusion is wrong; that by the terms of the will a power in trust, only, was given; and that the title to the property became immediately vested in the legatees under the will upon the death of the testator. Section 55 of the statute of uses and trusts provides for the creation of express trusts, subdivision 3 of which is as follows:

"To receive the rents and profits of lands, and apply them to the use of any person, during the life of such person, or for any shorter term. subject to the rules prescribed in the first article of this title."

And by section 60 it is provided:

· "Every express trust, valid, as such, in its creation, except as herein otherwise provided, shall vest the whole estate in the trustees, in law and in equity,

subject only to the execution of the trust. The persons for whose benefit the trust is created, shall take no estate or interest in the lands, but may enforce the performance of the trust in equity."

Section 58 provides:

"Where an express trust shall be created, for any purpose not enumerated in the preceding sections, no estate shall vest in the trustees; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust."

Section 59 provides:

"In every case where the trust shall be valid as a power, the lands to which the trust relates, shall remain, or descend to the persons otherwise entitled, subject to the execution of the trust as a power."

1 Rev. St. (Edmond's Ed.) pt. 2, c. 1, tit. 2, pp. 678, 679.

These provisions of the Revised Statutes were carried into the real property law without change. Vol. 2, Banks & Bros.' Rev. St. pp. 1797, 1798.

The language of the will gives to the executors of the testator, or survivor of them, and their successors, the property of the testator, and directs that in case any of the children, or the issue of a deceased child, shall at the time of the testator's death be minors under the age of 21 years, the executors shall "hold and invest the share of each of such minor or minors, and to receive and collect the interest and income arising therefrom and to apply the same toward his, her or their education and support until each respectively shall reach the age of twenty-one years." This language is clear, unequivocal, unambiguous; and, in terms, it creates an express trust to receive rents, issues, and profits of the property devised, and apply the same to the use of the minor. This brings it within the terms of the statute, and thereby an express trust is created. The rule as to personal property is the same as to real property. Section 2, Personal Property Law (Laws 1897, c. 417).

It has been held in numerous authorities that, as the title to the property bequeathed was in the trustees, they alone have power to maintain an action to protect and defend the same. The only issue in such case is the one which arises between the trustee and the party who has impaired the fund, or converted the trust property, or has wrongfully procured the same. Under such circumstances, the beneficiaries of the trust estate are not necessary or proper parties. Matter of Straut, 126 N. Y. 201, 27 N. E. 259; Wetmore v. Porter, 92 N. Y. 76. The defendants, when they received the shares of stock, were not purchasers for value of the same, and did not become bona fide holders thereof. They had notice of the source from whence it came, and were therefore chargeable with notice of the trust, and the power of the trustees to deal with the trust property, and in legal effect they became bound by the terms of the trust. Wetmore v. Porter, supra. This fact, however, did not raise a cause of action in favor of these plaintiffs against the defendants. It simply showed an existing condition upon which might be based a cause of action in favor of the person who held title to the trust property. In such case, if the trustees do not bring action, it is incumbent that a demand be made upon them so to do; and, if the trustees refuse to en-

force the right of action, the cestuis que trustent, by proper averments, may maintain an action to enforce their rights under the trust, making the trustees party defendants in such action. Western R. Co. v. Nolan, 48 N. Y. 513. Upon a proper application, doubtless, the court would have the power to appoint a trustee, when necessary, to bring an action to protect or recover the trust property, or its value, when it has been wrongfully misappropriated. The facts of the present case are without dispute. As the will itself created a trust estate, the title to the property bequeathed thereunder became vested in the trustees, and they transferred title to the same during the existence of the trust, in consequence of which the plaintiffs have no standing to maintain this action. The right to maintain it rests solely upon the wrong done to the estate, and this must be enforced in some one of the methods already pointed out.

The cases relied upon by the appellant in support of his contention are all without application. Therein the questions arose upon a construction of the instruments, with the result that they were held not to create a trust, but only a power. It was recognized in Onondaga Trust & Deposit Co. v. Price, 87 N. Y. 542, that a power might be given to executors to collect and pay over dividends upon stock without vesting in them title thereto, and that there was no inconsistency between the creation of such a power in the executors and the vesting of title in the beneficiaries; but no case of which we are aware has gone so far as to hold that where the devise is to the executors or trustees, with directions to hold the property, receive and collect moneys, and invest the same for the benefit of a life, or for a shorter time, it is anything else than the creation of a trust. That is this case.

It follows, therefore, that the court below made a correct disposition of the main question. In awarding judgment, however, the complaint has been dismissed upon the merits. This was improper, and the judgment appealed from should therefore be modified by striking out the words "upon the merits," and, as so modified, the judgment should be affirmed, without costs to either party in this court. All concur.