### In re STOWE.

(District Court, N. D. California. First Division. September 5, 1916.)

#### No. 10215.

BANKRUPTCY ⬤�top123—ELECTION OF TRUSTEE—RIGHT TO VOTE.

Neither a bankrupt, nor his attorney, nor a general assignee, nor his attorney, may be permitted to control the selection of a trustee, and claims of creditors who have joined in such a plan may properly be denied the right to vote at the election.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. ⬤⟞123.]

In the matter of Herbert A. Stowe, doing business as the Stockton Creamery, bankrupt. On review of rulings of referee. Affirmed.

R. C. Pardoe, of Stockton, Cal., for petitioner.
Clarence A. Grant, of Stockton, Cal., for bankrupt.

DOOLING, District Judge. In the early part of June, 1916, Herbert A. Stowe, the bankrupt herein, made to Fillmore C. Marks an assignment for the benefit of his creditors. This was to be effective if all of the creditors assented thereto. Some of them did not do so, and the bankrupt then filed his petition and schedules and was duly adjudicated a bankrupt. Lafayette J. Smallpage was the attorney for the assignee, and when the bankruptcy proceedings were inaugurated he sent out to the creditors a circular letter in which he says:

"We desire to represent you at the election of the trustee, and will do so without charge, provided you execute the enclosed proof of debt."

At this time the assignee had collected a considerable sum of money, for which he would necessarily have to account to the trustee who might later be selected. In response to this letter a number of creditors sent their claims with power of attorney to Smallpage. These claims were afterwards turned over to R. C. Pardoe, who attempted to vote them at the election for trustee. The referee refused to permit them to be voted, on the ground that the attorney for the assignee was endeavoring in this manner to control the election of trustee. In this connection the bankrupt testified as follows:

"Isn't it a fact, Mr. Stowe, from your knowledge, and with your approval, and you participated in it, Mr. Smallpage, representing the assignee nominally, and Mr. Stewart, representing you, were working together, were endeavoring to get all the claims in to elect the trustee in this matter? A. We were trying to get an assignment of all the claims; Yes, sir."

The action of the referee in this regard is approved.

The referee also rejected the claims of E. B. Stowe, father of the bankrupt, for the reason that the nominee of said E. B. Stowe was the same as the nominee whom Smallpage and the bankrupt were endeavoring to elect, and that the said E. B. Stowe had joined with Smallpage in endeavoring to control the bankrupt's estate. His action in this regard is also approved.

There is no disposition on the part of the court to prevent the creditors of a bankrupt from selecting a trustee. But when some of the creditors knowingly join with the attorney of an assignee, whose interests are adverse to the interests of all the creditors of the bankrupt, in an endeavor to control the selection of the trustee, in which endeavor the bankrupt himself participates, the creditors who do not participate in such endeavor are entitled not to be left helpless in the face of such a union. The theory of the bankrupt law is that the assets of a bankrupt shall be honestly collected and honestly distributed among all the creditors. Neither the bankrupt himself, nor his attorney, nor an assignee, nor his attorney, can be permitted to control the selection of a trustee. If creditors knowingly join with the bankrupt or his attorney, or with an assignee or his attorney, in an effort to do what it has repeatedly been decided they may not do, the simplest and most obvious way to defeat their purpose is to reject their selection of trustee, and permit the creditors who are not in the combination to make the selection. That was done in the present instance and the action of the referee is affirmed.