## NEBRASKA MERCANTILE CO. et al. v. NATHANSON BROS. CO. et al. *

Circuit Court of Appeals, Eighth Circuit.

May 11, 1927.

No. 7571.

1. **Bankruptcy ⟨⟩340(5)—Objectors to allowance of claim against bankrupt estate, properly verified and presented, have burden of proof.**

Claim properly verified and presented against bankrupt estate under the Bankruptcy Act (Comp. St. § 9585 et seq.) and General Orders in Bankruptcy places the duty of coming forward with proof on the objectors to its allowance.

2. **Bankruptcy ⟨⟩308—Claim of dissolved corporation against bankrupt, presented by former treasurer, held not allowable.**

Where corporation was dissolved before filing claim against bankrupt by its former treasurer, claim could not be allowed, since corporation as such did not have claim to present.

3. **Bankruptcy ⟨⟩308—Claim of dissolved corporation against bankrupt may be made only by trustee, to whom claim was assigned.**

Where, under laws of Nebraska, directors of corporation at its dissolution become trustees for benefit of shareholders only of property owned by corporation at time of dissolution, claim against bankrupt estate may be made only by trustee, to whom claim was duly transferred by assignment.

4. **Bankruptcy ⟨⟩340(4)—Evidence held to establish that payment to creditor by bankrupt before adjudication was preferential.**

Evidence *held* to establish that payment to creditor by bankrupt before adjudication was preferential, sufficiently to preclude allowance of remainder of claim until surrender thereof.

5. **Bankruptcy ⟨⟩311(1)—Voidable preference must be returned before allowance of balance of debt.**

Voidable preference, received by creditor before bankruptcy, must be returned before remainder of debt can stand as valid debt of estate in bankruptcy.

6. **Bankruptcy ⟨⟩311(1)—Order requiring return of preferential payment before allowance of claim presented by dissolved corporation did not require absolute payment of preference received.**

Where corporation on whose behalf claim was filed against bankrupt estate was dissolved and dead before entry of order in summary proceeding requiring surrender of preferential payment received before allowance of remainder of debt, such order did not adjudicate right of trustee to recover from corporation the amount of the preferential payment received, since orders and decrees of courts operate to bind and can be enforced only against parties living when order is entered.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

*Rehearing denied October 5, 1927.

In the matter of the bankruptcy of the Black & Hansen Company, wherein the Nebraska Mercantile Company filed a claim by C. C. Hansen, for whom the board of directors was later substituted as claimant, objections to allowance of claim being made by the Nathanson Brothers Company and others, creditors of the bankrupt. From an order requiring claimant's surrender of preference received before proof of remainder of claim or payment of dividends thereon, claimants appeal. Affirmed.

Harold M. Kelley, of Omaha, Neb. (Francis A. Mulfinger and Robert J. Webb, both of Omaha, Neb., on the brief), for appellants.

George Doane Keller, of Omaha, Neb. (Charles B. Keller, of Omaha, Neb., on the brief), for appellees.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This appeal brings up for review an order of the District Court refusing to allow a claim of $16,444.67 against the bankrupt estate of Black & Hansen Company, duly adjudged a bankrupt March 5, 1924; also, holding claimant, the appellant (hereinafter called the Mercantile Company), had received a voidable preference, which must be returned. This order was made on a petition to review an order of the referee allowing the claim and denying the Mercantile Company had received any preferential payment, which should be returned to the estate before its allowance. The trial court, on petition to review, set aside this order of the referee and entered the following order:

"In the matter of Black & Hansen Company, Bankrupt. No. 2856. Bankruptcy Order.

"This matter came on for hearing on the petition to review an order of the referee in bankruptcy, overruling objections of certain creditors to the allowance of claim of Nebraska Mercantile Company, in the sum of $16,-444.67, and allowing said claim in full, and also refusing to find certain payments to have been preferences. After due consideration thereof, and being fully advised in the premises,

"It is ordered by the court that the order of the referee be and the same is hereby reversed, with directions to find the payments to be preferences and to require the substituted parties claimants to restore the same to the trustee."

An examination of the record discloses, before adjudication in bankruptcy and before the bankruptcy proceeding was instituted, the Mercantile Company, claimant, in pursuance of a resolution passed by its board of directors, assigned all its property to one F. J. Coates, as trustee, and the corporation was dissolved. The rights and powers conferred upon Coates as assignee by the instrument of assignment read, among other things, as follows:

"* * * Do hereby sell, assign, transfer, and convey to F. J. Coates, as trustee, for the use and benefit of the stockholders of the Nebraska Mercantile Company, all of the accounts receivable of said corporation as of this date, including all notes, mortgages, judgments, and liens of every kind and description, wheresoever situated, vesting full power and authority in said F. J. Coates, trustee, to collect said accounts, notes, mortgages, and liens, to file suit in his own name, as trustee, to execute releases of mortgages, judgments, and liens, and to do such other acts as may be necessary in the collection of said assets.

"Done at Grand Island, Nebraska, this 27th day of December A. D. 1924. [Signed] C. C. Hansen, President. [Corporate Seal.]"

The claim of the Mercantile Company against the bankrupt estate was made and filed by C. C. Hansen on February 2, 1925. Hansen had been the former treasurer of the corporation. Thereafter, at a hearing before the referee on December 29, 1925, as a statute of the state makes the directors of a dissolved corporation trustees of its properties for the benefit of its shareholders, and as the proofs at the hearing before the referee did not disclose who said directors were, time was granted to the claimants until January 9, 1926, to establish who said last directors of the dissolved corporation were. Thereafter, on application of F. J. Coates, the directors of the corporation were by order of the referee allowed to be substituted in place of the former treasurer as claimant for the corporation, and the claim was thereupon allowed by the referee.

The objection to the allowance of this demand was first made by the trustee in bankruptcy. Thereafter amended specifications of objections were filed by the trustee in bankruptcy and by creditors of the bankrupt, Nathanson Brothers Company and Carson, Pirie, Scott & Co., and thereafter, before hearing of the claim, the trustee withdrew his objections to its allowance, and the claim was contested by the creditors alone.

[1] As a claim presented against a bankrupt estate under the Bankruptcy Act (Comp. St. § 9585 et seq.) and General Orders in Bankruptcy, when properly verified and present-

ed, places the duty of coming forward with proof upon the objectors to its allowance (Whitney v. Dresser, 200 U. S. 532, 26 S. Ct. 316, 50 L. Ed. 584), a question arising on this record is: Was this claim properly verified and presented?

[2, 3] As the corporation was dissolved and dead before the claim was filed or presented by its former treasurer for the corporation, it is clear the corporation as such did not and could not have a claim to present. Therefore the claim as originally presented could not be allowed. While, under the laws of Nebraska, directors of a corporation at its dissolution by operation of law became trustees of its property for the benefit of shareholders, yet the directors became trustees only of property owned by the corporation at the time of its dissolution. In this case, by assignment made on authority of a resolution of the board of directors of the Mercantile Company, all of its property, including the claim in question, had passed to a trustee for the benefit of its shareholders under an express trust. Who, then, in such case, was authorized to make the claim or have it allowed, save such trustee, to whom the claim had been duly transferred by assignment? While such objection is not made or stressed by the objections filed, yet it arises plainly on the face of the record, and is open to inquiry on the question of the proper filing and proof of the claim.

[4] Coming now to the question of preference, it is conceded between December 13 and 27, 1923, the Mercantile Company received from the bankrupt concern $10,700. That the bankrupt must have been insolvent at the date these payments were made clearly appears from the record. On account of the close relationship between the officers of the two corporations, and the caution with which their dealings should be scrutinized, the only satisfactory conclusion, from a consideration of all the proofs in the record which the mind can reach, is that the officers of the Mercantile Company must have known of the insolvent condition of the now bankrupt as determined by the trial court.

To our minds there can be no doubt whatever, on the entire record in this case, but that the payment by bankrupt and its receipt by the Mercantile Company of the $10,700 paid on the claim presented herein, at the date it was paid and under the circumstances of its payment, operated as the granting of such a preference to the creditor as will, if the remainder of the claim be proven against the bankrupt estate, and dividends be paid and received thereon in like manner as to other creditors of the same class, permit the Mercantile Company or its now shareholders to receive a greater proportion of its claim, if valid, than would be received by other creditors of the same class, and that such a preferential payment may not stand and the remainder of the claim be allowed against the bankrupt estate. In Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790, Mr. Chief Justice White clearly states the fundamental purpose of the Bankruptcy Act to be as follows:

"We think it clear that the fundamental purpose of the provision in question was to secure an equality of distribution of the assets of a bankrupt estate. This must be the case, since, if a creditor, having a preference, retained the preference, and at the same time proved his debt and participated in the distribution of the estate, an advantage would be secured not contemplated by the law."

[5] This being, under all the authorities, the clear intent and fundamental purpose of the Bankruptcy Act, the order of the trial court, requiring the return of the voidable preference received by claimant, before the remainder can stand as a valid debt of the estate in bankruptcy, is clearly right.

[6] Coming now to the order as entered in the trial court, there is an apparent contention made said order in a summary manner adjudicated the right of the trustee to have and recover from the Mercantile Company absolutely the amount of the preferential payment received from the bankrupt, and not merely to be returned as a condition to the right to prove the remainder of the demand against the bankrupt estate in the bankruptcy proceedings. If such is the true intent of the order made in this case, while such a summary trial and decision of the right of a trustee in bankruptcy to recover a voidable preference may be sanctioned in some cases, wherein no objection to that manner of trial is made, yet such an absolute determination would not, in our opinion, be permissible or effectual in this case, and this for the all-sufficient reason the Mercantile Company, as heretofore shown by the record, was dissolved and dead before the order in this case was entered, and judgments, orders, and decrees of courts operate to bind and can be enforced only against parties living when the order is entered. Hence it cannot be thought the true intent and purpose of the order is to require, in the summary hearing had, the absolute payment of the preference received by claimant, but merely to operate to require the surrender of this preferential payment before the remainder of the

debt may be allowed in bankruptcy against the estate and dividends paid thereon.

In regard to the proofs presented in this case at the hearing of the claim presented, under all the circumstances, we are of the opinion the order of the trial court setting aside the allowance of the remainder of the claim as a debt against the estate is right. However, as under the ruling here made, if any one is now qualified to present the claim in the bankruptcy court, as the preferential payment received must be returned before the claim may be examined and the same may be allowed, nothing more on this head need be now determined.

It follows the order of the trial court, holding the preferential payment received by the Mercantile Company must be surrendered before the remainder of the claim may be allowed and dividends paid thereon in bankruptcy, is clearly right, and nothing more need be said as to the sufficiency of the proof to establish the demand.

It follows the order of the trial court, requiring the surrender of the preference received before proof of the remainder of the claim and the payment of dividends thereon can be adjudged, and disallowing the claim, must be affirmed.