**In the Matter of SABATH AND STROBING, INC., Debtor.**

United States District Court
S. D. New York.
March 20, 1961.

Sheldon L. Sprung, New York City, for petitioner-creditor.

Howard Shugerman, New York City, for debtor.

SUGARMAN, District Judge.

By petition to review, Louis Jacobson seeks to reverse the refusal of a referee in bankruptcy to permit him to vote his claim as a creditor of the debtor for the appointment of a creditors' committee and the nomination of a trustee at a first meeting of creditors in a proceeding under Chapter XI of the Bankruptcy Act. No creditor other than petitioner attempted to vote at the meeting.

Petitioner is also a stockholder of the debtor. As such he would admittedly be excluded from voting at a first meeting in a straight bankruptcy proceeding because Bankruptcy Act, § 44, 11 U.S. C.A. § 72, expressly so provides. Does this impediment follow him into an arrangement proceeding under Chapter XI? The referee so held but under the unique circumstances of this case I cannot agree.

Section 338 of Chapter XI provides:

"At such meeting the creditors may appoint a committee, if none has previously been designated or appointed under this Act, and, if a trustee has not previously been appointed, may nominate a trustee who shall thereafter be appointed by the court in case it shall become necessary to administer the estate in bankruptcy as provided under this chapter."

In 8 Collier on Bankruptcy (14th ed.), at page 581, appears the following:

"Section 338 of Chapter XI provides that 'the creditors' may appoint a committee: no language of disqualification similar to § 44a or § 44b is employed in § 338. The problem therefore arises whether the debtor's relatives or, where the debtor is a corporation, the persons specified in § 44a, are excluded from voting in the appointment of a committee of creditors under § 338. It seems clear that such persons are excluded."

 I am persuaded that the foregoing discussion in Collier's while accurate is applicable only in a case where a person disqualified under § 44 attempted to vote a claim at a meeting called pursuant to § 334 in opposition to a candidate of creditors not so disqualified. This is for the reason:

> "the purpose of the provision under discussion * * * is to prevent the appointment of a committee which may be too friendly to the debtor and may fail to protect the interests of creditors * * *"[1]

However, where as here, no other creditor seeks to vote, the automatic application of the mandatory disqualification provisions of § 44 to § 338 would in all cases preclude vesting the rights of a creditors' committee and a tentative trustee in persons merely presumptively prejudiced in favor of a debtor at the cost of entrusting complete control of its affairs in the debtor itself. This is neither good logic nor good law.

 The foregoing is not to say that as a matter of discretion in a particular case, a stockholder and creditor such as petitioner might not be disqualified from voting his claim as a matter of judicial discretion.[2] It is to say that the naked status of a stockholder of the debtor, without inquiry into how and for what purpose his stock was acquired and whether he would secure the nomination of a trustee or the appointment of a creditors' committee too friendly to the debtor who would fail to protect the interests of the creditors, does not, in and of itself mandate disqualification under § 338. Without anticipating future rulings in the instant proceedings, it does not seem that this is a case requiring an automatic iron-bound application of the general rule of exclusion. If anything, despite petitioner's apparent status as the owner of non-voting Class B stock in the debtor who took it as security for a loan to the debtor, he as a creditor, in reality more than any-one else may be expected to seek appointment of a creditors' committee which would exercise appropriate surveillance over the conduct of the debtor's affairs during the progress of the arrangement and, should bankruptcy ensue assure the selection of a trustee similarly untainted.

The record is returned to the learned referee for further proceedings not inconsistent with the foregoing.

It is so ordered.

---

1. 8 Collier on Bankruptcy (14th ed.) p. 581.

2. In re Latham Lithographing Corporation, 2 Cir., 1939, 107 F.2d 749, 750.