**In re Keith BURNETT and Shelly Burnett, Debtors.**

**Resurgent Capital Services, Appellant,**

v.

**Keith Burnett; Shelly Burnett, Appellees.**

**BAP No. NV–03–1189–RiKRy.**
**Bankruptcy No. BK–N–02–51186–GWZ.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Oct. 23, 2003.

Filed Feb. 5, 2004.

Matthew L. Johnson, Hutchison & Steffen, Ltd., Las Vegas, NV, for Resurgent Capital Service.

Geoffrey L. Giles, Reno, NV, for Keith and Shelly Burnett.

Before RIMEL,[1] KLEIN and RYAN, Bankruptcy Judges.

1. Honorable Whitney Rimel, Bankruptcy Judge for the Eastern District of California, sitting by designation.

## OPINION

RIMEL, Bankruptcy Judge.

The issue is whether an entity that acquires a claim other than for security and files a proof of claim as provided by Federal Rule of Bankruptcy Procedure 3001(e)(1) may, as a condition of allowing the claim, be required to disclose the consideration paid for the claim. We hold that in the bankruptcy case of an individual consumer debtor, the transferee's refusal to disclose its purchase price for acquiring an account does not warrant disallowance of an otherwise valid claim. Accordingly, we REVERSE the bankruptcy court's order disallowing the claims.

### Facts

Keith and Shelly Burnett ("Debtors") filed a voluntary chapter 13 case on April 16, 2002.

Included in their schedules of creditors were: Ethan Allen ($1,145.00, not disputed); Home Depot ($1,730.64, not disputed); and J.C. Penney ($889.69, not disputed).

In June 2002, Sherman Acquisition, L.P., dba Resurgent Capital Services ("Resurgent") acquired the Ethan Allen, Home Depot, and J.C. Penney accounts from GE Capital Finance ("GE Capital").

On July 25, 2002, Resurgent timely filed three proofs of claim with respect to the Ethan Allen, Home Depot, and J.C. Penney accounts. The first two proofs of claim were for less (by $636.10 and $32.04) than the amounts on the schedules; the third was for more (by $107.57).

Debtors objected to the three proofs of claim, requesting that they be disallowed unless Resurgent: proved the amounts

owed; proved its ownership of the accounts; and disclosed what it paid for the accounts.[2] Debtors proffered no evidence to rebut the claims.

The initial hearing on the objection occurred September 18, 2002, and was continued so that Resurgent could respond with more specific information.[3] The objection was ultimately sustained without findings of fact and conclusions of law at a hearing on November 20, 2002, ("November 20 hearing") conducted by a visiting bankruptcy judge, on the premise that Debtors' counsel had not received everything requested.[4] The ensuing order sustaining the objection and disallowing the claim was entered December 3, 2002.

Resurgent filed, on December 12, 2002, a motion to amend the order disallowing the claims and to obtain findings of fact sufficient to enable appellate review. The

authorities invoked included Federal Rule of Bankruptcy Procedure 3008 regarding reconsideration of orders disallowing claims and Federal Rule of Civil Procedure 52. The motion was accompanied by affidavits documenting the transfer of each account and itemization of amounts owed and payment history on each account.

Debtors' counsel filed a response to the motion to amend in which he conceded that the matter should be reheard de novo if Resurgent disclosed what it had paid to acquire the claims, which counsel contended had earlier been promised.[5]

Resurgent filed a response disputing that it had ever promised to disclose the price it had paid and contending that such information is, as a matter of law, irrelevant to the claim dispute litigation.

The motion to amend and make findings was heard on February 26, 2003, by the

---

**2.** The objection sought disallowance of the claims unless "this purported creditor comes forward with three things: (1) Proof that the accounts were due and owing to the respective creditors in the first place, (2) Proof that Resurgent Capital actually purchased the accounts, and (3) the amount paid for the accounts that they bought." Objection to Claims (Aug. 8, 2002), at 2–3.

**3.** Before the first hearing on the objection, Resurgent filed a response saying, "Resurgent will attempt to obtain account statements on each of the GE Capital accounts as of the date of filing." The colloquy at the ensuing first hearing was:

> DEBTORS' COUNSEL: So under the condition that all the information I have requested is provided, we can have this hearing a month from now. I don't care.
> COURT: All right.
> RESURGENT'S COUNSEL: Okay....
> COURT: And Counsel, you will furnish [Debtors' counsel] with the information... that he's requested in his objection.
> RESURGENT'S COUNSEL: We'll get whatever information we can. Obviously there—there may be things we can't get. But we'll get him anything—everything we've got or everything we can get from

GE, we will get that and be happy to provide that.
Hearing Tr., Sept. 18, 2002, at pp. 5–6.

**4.** Although we have no transcript of the November 20 hearing, the parties agree there were no findings and that the rationale for the order was non-production of the information sought.

**5.** Debtors' response conceded that the claim objection should be reheard but conditioned agreement on disclosure of the price.

> Normally, motions to amend require some extraordinary circumstances, none of which have been alleged. However, the court did act precipitously when he previously ruled in this case. My recollection of the hearing was that he did not allow Resurgent Capital's counsel to be heard in any meaningful way.
> ...
> Therefore, if Resurgent Capital will divulge the agreement under which the claim was purchased, along with its purchase price, counsel for the debtors will have no objection to this matter being fully reconsidered *de novo* by this court.
> Reply To Resurgent Capital Services, Jan. 2, 2003, at pp. 1–2.

same visiting judge who had ruled earlier. He observed that he had disallowed the claims because Resurgent had not produced the requested information by the time of the November 20 hearing and, without explanation, he declined to make findings of fact and conclusions of law.[6]

The order refusing to amend and make findings was entered March 13, 2003. This timely appeal from the December 3 and March 13 orders ensued.

At oral argument, Debtors' counsel clarified that the sole remaining dispute relates to Resurgent's refusal to disclose its purchase price and that there is no longer any dispute as to the validity and amounts of the respective underlying debts or as to Resurgent's status as assignee.

## Jurisdiction

Federal subject matter jurisdiction is founded upon 28 U.S.C. § 1334(b). An objection to claim is a core proceeding that a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(B). We have appellate jurisdiction over the final order. 28 U.S.C. § 158(a)(1); *Garner v. Shier (In re Garner)*, 246 B.R. 617, 619 (9th Cir. BAP 2000).

## Issue

 Whether a claim filed by an assignee may, in the absence of evidence of breach of some specialized duty of the assignee, be disallowed solely because the assignee does not reveal the consideration it paid to the assignor.[7]

## Standard of Review

 Whether disclosure of the consideration paid by an assignee for an unconditional transfer of a claim postpetition can be required as a condition of allowing the assignee's claim is a question of law that we review de novo. *Alsberg v. Robertson*

---

6. The court's ruling was as follows:

> COURT: But I'll deny the motions for reconsideration. I don't even know why these are on a live calendar. I would have denied these the minute I saw them. Because here was the deal: Judge Goldwater [on Sept. 18, 2002] gave time for the information to come forth; It wasn't there at the hearing; And I said, "We're not going to continue any further." And so I disallowed the claims. This is a motion for reconsideration, in both cases, to reconsider my decision to disallow the claims; That motion is denied; The orders disallowing the claims stand; And we'll be at recess.
> RESURGENT COUNSEL [APPEARING BY TELEPHONE]: Your Honor, we would ask—
> CLERK: All rise.
> RESURGENT COUNSEL:—that you could amend the order to include findings of facts sufficient for appeal.
> CLERK: All rise. (Brief pause)
> RESURGENT COUNSEL: Hello? (Brief pause) Your Honor?
> COURT: When the Judge says, "We are at recess," the hearing is over.

Hearing Tr., Feb. 26, 2003, at pp. 8–9.

7. Debtors argue that the appeal may be rendered moot "by the passage of time and the payment of claims by the trustee." Appellee's Opening Brief (July 7, 2003), at 9. We disagree.

"The party asserting mootness has the heavy burden of establishing that there is no effective relief remaining for a court to provide." *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1116–17 (9th Cir.2003) (citation and internal quotations omitted). A case is moot "[i]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party ...." *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 901 (9th Cir.2001). If the appeal is moot, it must be dismissed. *Id.* "However, while a court may not be able to return the parties to the status quo ante ..., an appeal is not moot if the court can fashion some form of meaningful relief ...." *Id.* (citations omitted).

If we were to reverse the bankruptcy court, Resurgent's claims would be allowed in the Debtors' case. Accordingly, we can still grant effective relief and the appeal is not moot. *See Pattullo*, 271 F.3d at 901.

*(In re Alsberg)*, 68 F.3d 312, 314 (9th Cir.1995).

 The bankruptcy court's decision to deny the Motion to Amend is reviewed for an abuse of discretion. *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1331 (9th Cir.1995). A bankruptcy court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir.1996).

## Discussion

 Although the bankruptcy court's refusal to make findings of fact even after

8. We do not agree with the premise of the dissent that the record reveals that the status of Resurgent as assignee was seriously questioned in the objection to claims; in any event, doubts about the fact that Resurgent was the assignee had dissipated before the November 20 hearing. It is likewise difficult to regard as meritorious the objection's assertions questioning the $3,204.79 total in the proofs of claim in light of the debtors' admissions on their schedules that the debt on the three accounts was $3,765.33 and not in dispute.

We also disagree with the dissent's assumption that the appropriate remedy in a claim dispute of this nature is to disallow the claims in full. To the contrary, when presented with a dispute, the bankruptcy court has a duty to determine the correct amount of the claims. *Neilson v. United States (In re Olshan)*, 356 F.3d 1078, 1083 (9th Cir.2004) ("The fact that the court is charged with 'determining' the amount of the claim refutes the contention that the amount of the claim must be fixed in the POC and that the bankruptcy court merely sits to allow or reject the POC."); *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 900 n. 7 (9th Cir.2001).

Moreover, the Ninth Circuit has recently been tending to view dismissals and summary dispositions for procedural failures as sanctions, to be reviewed as such. *E.g., Dunmore v. United States*, 358 F.3d 1107, 1117 (9th Cir.2004) ("the bankruptcy court abused its discretion in sanctioning Dunmore" by dismissing for failure to prosecute); *Morrissey v.*

being asked to do so in a timely post-trial motion ordinarily would justify summary remand, the record as clarified by the parties is sufficient to enable us to decide the controlling question: whether the price that Resurgent paid to GE Capital makes any difference to the allowance of its claims.[8]

If the answer is that it makes no difference, then we must reverse regardless of whether there was a mere error of law in the first instance or the application of an incorrect legal standard in assessing cause for reconsideration of the disallowance under § 502(j).[9]

*Stuteville (In re Morrissey)*, 349 F.3d 1187, 1189–91 (9th Cir.2003).

We nonetheless share the dissent's sentiment that Resurgent's sloth is worthy of criticism.

9. Resurgent filed its Motion to Amend pursuant to Rules 8002(b), 3008 and 7052; and § 502(j). Section 502(j) provides in pertinent part, that, "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j).

Rule 3008 states that, "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr.P. 3008.

Where a Rule 3008 motion is filed within the ten-day period to appeal, the applicable standards for reconsideration and definition of "cause" under § 502(j) are found in Fed. R.Civ.P. 59(a), the terms of which permit the court to open the judgment, take additional testimony, amend or make new findings of fact and conclusions of law, and direct the entry of a new judgment for any of the reason for which rehearings have been granted in suits in equity. *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 227 (9th Cir. BAP 1995), *citing Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873 (5th Cir.1988).

Federal Rule of Bankruptcy Procedure 3001(e) addresses transferred claims. The subdivision pertinent here is Rule 3001(e)(1), which provides in its entirety that "[I]f a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee." Fed. R. Bankr.P. 3001(e)(1).

Neither that rule, nor Rule 3001(e)(2) regarding transfers of claims (except for those based on publicly traded notes, bonds or debentures) other than for security after a proof of claim is filed, requires disclosure of the terms of the transfer. In contrast, Rules 3001(e)(3) and (e)(4), relating to transfers of claims (other than those based on publicly traded notes, bonds or debentures) for security, do require disclosure of the terms of the transfer. The silence of Rule 3001(e)(1) about the consideration for the transfer is deliberate. To understand why, it is necessary to delve into the history of the rule.

Bankruptcy Rules 301 and 302 issued under the Bankruptcy Act of 1898 directly preceded Rule 3001(e), which, in its original form, was adopted in 1983. When a claim was assigned after the filing of the petition but before a proof of claim was filed, Rule 302(d) required the transferee to file with his proof of claim a statement of the transferor acknowledging the transfer and the consideration for the transfer.[10]

As originally adopted in 1983, Rule 3001(e)(1) closely mirrored Rule 302(d). The Advisory Committee's Note to the 1983 adoption of Rule 3001(e) is essentially identical to the note to Rule 302(d). Both explained that disclosure of the consideration for transfers "will assist the court in dealing with evils that may arise out of post-bankruptcy traffic in claims against a bankruptcy estate." [11] Both notes cited

**10.** Rule 302(d)(1) ("Filing Proof of Claim") provided.

(1) Unconditional Transfer Before Proof Filed. If a claim has been unconditionally transferred before proof of the claim has been filed, the proof of such claim may be filed only by the transferee. If such claim has been transferred after the filing of the petition, it shall be supported by (A) a statement of the transferor acknowledging the transfer and stating the consideration therefor or (B) a statement of the transferee why it is impossible to obtain such a statement from the transferor.

Bankruptcy Rule 302(d) (superseded 1983).

**11.** The Advisory Committee's Note for Rule 302(d) states in pertinent part:

Subdivision (d) is an elaboration of General Order 21(3). The rule recognizes the differences between an unconditional transfer of a claim and a transfer for the purpose of security and prescribes a procedure for dealing with the rights of the transferor and transferee when the transfer is for security. The rule clarifies the procedure to be followed when a transfer precedes the filing of the petition as well as that required when the transfer occurs afterward. When a claim is assigned after bankruptcy but before a proof of the claim is filed, General Order 21(3) has required the proof to be accompanied by an affidavit of the assignor who owned the claim at the date of bankruptcy. The affidavit duplicates in considerable part the information required to be included in the proof of claim. The interests of sound administration are adequately served by requiring the post-bankruptcy transferee to file with his proof of claim a statement of the transferor acknowledging the transfer and the consideration for the transfer. Such a disclosure will assist the court in dealing with evils that may arise out of post-bankruptcy traffic in claims against a bankrupt estate. *Monroe v. Scofield*, 135 F.2d 725 (10th Cir.1943); *In re Philadelphia & Western Ry.*, 64 F.Supp. 738 (E.D.Pa.1946); *cf. In re Latham Lithographic Corp.*, 107 F.2d 749 (2d Cir.1939). Both paragraphs (1) and (3) of this subdivision, which deal with a transfer before the filing of a proof of claim, recognize that it may be impossible to obtain the required statement from the transferor, but in that event the reason for the impossibility must accompany the proof of claim filed by the transferee.

three cases as examples of potential evils when claims are purchased post-bankruptcy.

It is significant that all three cases present a general rule: transfers are to be taken at face value absent special circumstances. Two of them address acquisition of corporate obligations at discount by directors while a corporation is insolvent. *Monroe v. Scofield (In re Gallic–Vulcan Mining Corp.)*, 135 F.2d 725, 728 (10th Cir.1943); *In re Philadelphia & W. Ry.*, 64 F.Supp. 738, 739 (E.D.Pa.1946). In *Gallic–Vulcan Mining Corp.* the Tenth Circuit explained the general rule of corporation law and the insolvency exception for directors of corporations:

> "Where a corporation is a going concern, a director may purchase a claim against the corporation at a discount and enforce it for the full amount, absent a present duty on his part to act for the corporation. However, where the corporation is insolvent, he is precluded from recovering more than he paid for the claim unless by an order of the court or otherwise he has been shorn of all power in the corporate management and his trust relationship has been fully terminated."

*Gallic–Vulcan Mining Corp.*, 135 F.2d at 728.

The third case involved the transfer of a fractional interest in a claim so as to circumvent a statutory disability on voting for a bankruptcy trustee. *In re Latham Lithographic Corp.*, 107 F.2d 749, 750 (2d Cir.1939). All three agree that, absent special circumstances involving fiduciary duties or statutory disabilities, transfers of claims presumptively are to be taken at face value.

Rules 3001(e)(1) and (e)(2) were amended in 1991 to eliminate the requirement of disclosure of the consideration for transfer of a claim. The advisory committee explained that the amendments were designed to limit the court's role to adjudicating disputes over transfers of claims and that there is no need to state the consideration for the transfer.[12]

■ It is apparent from the history of Rule 3001(e) that the consideration supporting a transfer of a claim is not, in the absence of special fiduciary obligations to the debtor or the circumvention of statutory disabilities, pertinent to the validity and allowance of the claim. There is no hint that either GE Capital or Resurgent owed any fiduciary obligations to the Debtors or that there is any statutory impediment to the allowance of the claims here.

Resurgent's transferred claims result from unconditional transfers before filing proofs of claim. Rule 3001(e)(1) applies. Resurgent is not required to submit evidence of the price it paid for the claims.

It follows that the consideration paid by Resurgent is, as a matter of law, irrelevant to the allowance of the claims. Therefore, upon reconsideration of the claims, it was an abuse of discretion to condition allowance of Resurgent's otherwise valid claims on disclosure of the price paid for the claims.

### Conclusion

Pursuant to Rule 3001(e)(1), the amount paid by Resurgent to purchase the claims is irrelevant, as a matter of law, to the allowance of the claims. Resurgent filed three valid proofs of claim and subsequently provided the Debtors with evidence of the transfer. By the time the bankruptcy court heard the Motion to Amend, the Debtors had waived any argument that Resurgent did not own the claims. The

---

**12.** Advisory Committee Note 1991 Amendment to Fed. R. Bankr.P. 3001(e).

Affidavits of Sale established the validity and amount of the claims, so that it was an abuse of discretion to deny Resurgent's Motion to Amend.

The order disallowing the claims of Resurgent Capital Service is REVERSED and REMANDED.

RYAN, J. Dissenting.

Before addressing my dissent, the following additional facts are relevant. Debtors objected to the claims filed by Resurgent on two grounds: (1) Resurgent had failed to provide documentation of the assignments, and (2) Resurgent had refused to disclose other information about the transfer, including what it paid GE Capital for the claims. In addition, Debtors noted that the amounts listed on the proofs of claim did not correspond to the amounts scheduled by Debtors for the respective debts. Appellant's Excerpts of Record ("ER") at 40–41.

The hearing on the objection was continued based on Resurgent's representation that it would provide additional documentation supporting its claims. *Id.* at 5–6. After the hearing was continued several more times, the court sustained Debtors' objection without providing any findings of fact. *Id.* at 16, 52–53. The order was entered on December 3, 2002. *Id.* at 52. Resurgent then filed its Motion to Amend on December 13, 2003. *Id.* at 54. As part of its Motion to Amend, Resurgent provided Affidavits of Sale evidencing the assignments of the claims from GE Capital. *Id.* at 63–65.

At the hearing on the Motion to Amend, the Court observed that the hearing on the objection had been continued so that Resurgent could provide additional documentation. *Id.* at 17–18. The court also stated that as of the continued hearing, no additional documentation had been provided. *Id.* The court then issued the order

denying the Motion to Amend without providing any findings of fact. *Id.* at 100.

I respectfully disagree with the majority's interpretation of the bankruptcy court's decision. The majority states that the bankruptcy court denied the Motion to Amend solely because Resurgent did not reveal the consideration it paid to GE Capital for the claims. There is no indication in the record that this is the case. The order denying the Motion to Amend does not state the basis for the court's decision. In addition, at the hearing on the Motion to Amend, the court explained that it had disallowed the claims based on Resurgent's failure to provide sufficient documentation.

Under Rule 3001(f), a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). However, if an objection "produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir.2000) (citations and internal quotations omitted). In other words, the objector must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Id.*

Here, Debtors objected not only to the refusal of Resurgent to disclose the consideration paid for the claims but also to the lack of documentation of the assignments. Debtors also asserted that the amounts on the proofs of claim did not correspond to the amounts scheduled by Debtors for the respective debts. Thus, the objection contradicted the amounts claimed and cast doubt on whether Resurgent was the proper claimant. Therefore, it was appropriate

for the court to shift the burden to Resurgent to produce evidence of the validity of its claims, including proof of the assignments.

The record shows that Resurgent did not provide additional support establishing the assignments of the claims to it prior to entry of the Order Sustaining Objections. In fact, the court continued the hearing several times for Resurgent to provide evidence of the assignments, but Resurgent continued to fail to provide that evidence. Therefore, the court did not err in disallowing the claims.

Resurgent requested reconsideration of the Order Sustaining Objections under Rules 3008 and § 502(j).[13] If a Rule 3008[14] motion is brought within 10 days of the entry of the order in question, then it is to be treated as a Rule 9023 motion. *See Abraham v. Aguilar (In re Aguilar),* 861 F.2d 873, 874 (5th Cir.1988) ("a Rule 3008 motion filed within the ten day period is in fact analogous to a Rule 9023, or Fed.R.Civ.P. 59 motion"); *see also Ashford v. Consol. Pioneer Mortgage (In re Consol. Pioneer Mortgage),* 178 B.R. 222, 227 (9th Cir. BAP 1995). Likewise, if a § 502(j)[15] motion is brought within ten days of the order, Rule 9023 will also guide the "for cause" standard under § 502(j). *See Pride Cos., L.P. v. Johnson (In re Pride Cos., L.P.),* 285 B.R. 366, 369 (Bankr.N.D.Tex. 2002). Here, the Motion to Amend was brought within ten days of entry of the Order Sustaining Objections. Therefore, Rule 9023 applies.

Rule 9023 makes Federal Rule of Civil Procedure ("FRCP") 59 applicable in bankruptcy cases. Fed. R. Bankr.P. 9023. A motion to alter or amend an order under FRCP 59(e) is appropriate if the trial court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

To justify an amendment to an order based on "newly discovered evidence," the moving party must show:

> that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different.

*Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir.2003). Here, Resurgent provided Affidavits of Sale in support of its Motion to Amend. Resurgent did not argue that this evidence was "newly discovered," nor could it contend that there was an intervening change in the law or that the Order Sustaining Objections was manifestly unjust. Therefore, Resurgent's motion to amend could be granted only if it showed that the court had committed clear error. *See School District No. 13,* 5 F.3d at 1263.

On appeal, the bankruptcy court's decision to deny a motion for reconsideration is reviewed for an abuse of discretion. *See Home Indem. Co. v. Lane Powell Moss & Miller,* 43 F.3d 1322, 1331 (9th Cir.1995).

---

**13.** *Resurgent also requested relief under Rule 7052. However, Rule 7052 is not applicable here because it applies to adversary proceedings. See Fed. R. Bankr.P. 7052.*

**14.** *Rule 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr.P. 3008.*

**15.** *Section 502(j) states that a claim that has been allowed or disallowed may be reconsidered "for cause." 11 U.S.C. § 502(j).*

322

Because the court did not err in sustaining Debtors' objections to Resurgent's claims on the basis that evidence of the assignments had not been provided, we cannot say the court abused its discretion in denying the Motion to Amend. *Id.* It was certainly within the bankruptcy court's discretion to deny the motion to amend because no evidence of the assignments was provided to the court at the time it disallowed the claims. Accordingly, I would affirm the bankruptcy court.