**In re: Kathryn Lynn REYNOLDS,
Debtor.**

**Kathryn Lynn Reynolds, Appellant,**

v.

**Jessica Swedelius, Appellee.**

**No. 06–16686.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007.*

Filed July 26, 2007.

Kathryn Lynn Reynolds, Truckee, CA,
pro se.

Alan R. Smith, Esq., Reno, NV, for Appellee.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM **

Kathryn Lynn Reynolds appeals a decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming Bankruptcy Judge Klein's granting of Jessica Swedelius' motion for reconsideration. We review de novo a decision of the BAP, "conducting an independent review of the bankruptcy court's decision without deferring to the BAP." *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman),* 234 F.3d 1081, 1085 (9th Cir.2000). We review for abuse of discretion a bankruptcy court's decision to grant a motion for reconsideration. *Arrow Elecs., Inc. v. Justus (In re Kaypro),* 218 F.3d 1070, 1073 (9th Cir.2000).

The bankruptcy court did not abuse its discretion in granting Swedelius' motion for reconsideration and in considering her opposition, because Reynolds had not properly served Swedelius with her Motion to Avoid Lien. *See* Bankr. E.D. Cal. R. 1001–1(f) ("The Court may make such orders supplementary or contrary to the provisions of these Rules as it may deem appropriate and in the interests of justice in any particular proceeding."); *Beneficial Cal., Inc. v. Villar (In re Villar),* 317 B.R. 88, 94 (9th Cir. BAP 2004) ("Before a court can enter a default judgment, the service of process must be effective.... [A]n order granted without adequate notice does not satisfy the requirements of due process of law and is therefore inevitably void."). The court also did not abuse its discretion because it premised its initial ruling on the mistaken belief that Swedelius had not filed an opposition. *See Resurgent Capital Servs. v. Burnett (In re Burnett),* 306 B.R. 313, 321 (9th Cir. BAP 2004) (discussing clear error as a reason for which a bankruptcy court may grant a motion for reconsideration).

Reynolds' argument that Swedelius waived the right to challenge the sufficiency of service under Federal Rule of Civil Procedure 12(h) is not persuasive because Rule 12(h) does not apply here. *See* Fed. R. Bankr.P. 7012(b) (making Rule 12(h) applicable in *adversary* proceedings in bankruptcy); Fed. R. Bankr.P. 4003(d) ("A proceeding by the debtor to avoid a lien ... shall be by motion in accordance with Rule 9014."); Fed. R. Bankr.P. 9014(c) (enumerating which Federal Rules of Bankruptcy Procedure apply in *contested* proceedings in bankruptcy, of which Rule 7012(c) is not one). Reynolds does not argue any other form of waiver.

We carefully considered Reynolds' remaining claims. None is persuasive. We deny Swedelius' motion to strike.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.