861 F.2d 873
 20 Collier Bankr.Cas.2d 127, Bankr. L. Rep. P 72,565
In the Matter of Anthony C. AGUILAR and wife, Susan B.
Aguilar, Debtors.
Joseph (Sib) ABRAHAM, Jr., Appellant,
v.
Anthony C. AGUILAR and wife, Susan B. Aguilar, Appellees.
 No. 88-1487
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 19, 1988.
Rehearing Denied Jan. 12, 1989.
 Charles Roberts, El Paso, Tex., for appellant.
 Anthony C. Aguilar, El Paso, Tex., pro se.
 Anthony C. Aguilar, El Paso, Tex., for Anthony and Susan Aguilar.
 Appeals from the United States District Court for the Western District of Texas.
 Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.
 PER CURIAM:
 
 
 1
 The bankruptcy court entered judgment in favor of Abraham, a creditor of Aguilar's estate. Aguilar appealed, but both the district court and this court affirmed. The bankruptcy court then closed the bankruptcy estate.
 
 
 2
 Abraham subsequently moved in the bankruptcy court to reopen the bankruptcy proceeding, specifically requesting the court to determine whether he was entitled to post-judgment interest on the debt. The bankruptcy court granted Abraham's motion to reopen and held a hearing. On October 1, 1986, the bankruptcy court entered its order holding that all interest on the debt was discharged.
 
 
 3
 Abraham did not appeal from this order, but instead filed a document on October 8, 1986, styled "Motion for Reconsideration of Order or for New Trial." The bankruptcy court denied Abraham's motion in April, 1987. Abraham took a timely appeal to the district court.
 
 
 4
 Without entertaining the merits of the October 1, 1986 order, the district court affirmed the bankruptcy court's refusal to reconsider. Abraham now appeals.
 
 
 5
 Because we find that the district court applied the incorrect standard of review, we remand this case to the district court to allow it to consider the merits of the Bankruptcy Court's October 1, 1986 order discharging all interest on Aguilar's debt to Abraham.
 
 
 6
 We have jurisdiction to review the district court's order affirming the bankruptcy court's refusal to reconsider pursuant to 28 U.S.C. Sec. 158(d). In the Matter of Colley, 814 F.2d 1008, 1010 (5th Cir.1987), reh'g denied, 818 F.2d 443 (5th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987). Accord In re W.F. Hurley, Inc., 612 F.2d 392, 395-96 (8th Cir.1980).
 
 
 7
 The district court affirmed the bankruptcy court's refusal to reconsider without addressing the merits of the underlying order. The court found that Abraham could prevail on appeal only by showing that the Bankruptcy Court's judgment was rendered infirm by the kind of defects recognized by Fed.R.Civ.P. 60 (i.e. mistake, fraud, newly discovered evidence, etc.). Relying on our decision in Colley, the court stated:
 
 
 8
 [W]hen a bankruptcy court has ruled on a dispute between two parties to a bankruptcy proceeding, the losing party must either pursue a timely appeal of that order or seek reconsideration of the bankruptcy court's ruling under the usual Rule 60 standards. In the Matter of Colley, supra, at 1010. * * * Since the only appeal taken was from the order denying the Appellant's motion for reconsideration, and since no grounds cognizable under Rule 60(b), Federal Rules of Civil Procedure, are asserted, the order of the Bankruptcy Court denying the motion for reconsideration should be affirmed.
 
 
 9
 Fed.R.Bank.P. 3008 permits a party in interest to "move for reconsideration of an order allowing or disallowing a claim against the estate." The district court apparently read our decision in Colley to stand for the proposition that all such motions to reconsider should be treated as Bankruptcy Rule 9024 motions, which are analogous to Fed.R.Civ.P. 60 motions. We read Colley to apply where a Rule 3008 motion is filed after the ten day period during which appeals are permitted. For reasons stated below, we hold that a Rule 3008 motion filed within the ten day period is in fact analogous to a Rule 9023, or Fed.R.Civ.P. 59 motion.
 
 
 10
 Under Bankruptcy Rule 8002(a), a notice of appeal to a district court from a bankruptcy court's judgment must be filed within ten days. This requirement is jurisdictional and cannot be waived. Matter of Texas Extrusion Corp., 844 F.2d 1142, 1154 (5th Cir.1988). Bankruptcy Rule 8002(b), however, provides that certain timely motions filed with the bankruptcy court extend the ten day period for appeals. The rule provides, in pertinent part, that:
 
 
 11
 (b) Effect of motion on time for appeal. If a timely motion is filed in the bankruptcy court by any party: * * * (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.
 
 
 12
 Colley involved a motion for reconsideration filed after the ten day period provided for appeals by Fed.R.Bank.P. 8002(a). Recognizing the important interest in the finality of judgments, we treated Colley's motion as a motion for relief from judgment pursuant to Rule 9024, which incorporates the restrictions of Fed.R.Civ.P. 60 with certain limited exceptions. Fed.R.Bank.P. 9024. See also In re W.F. Hurley, 612 F.2d at 396 n. 4 ("Rule 60(b) supplies the applicable standards for reconsideration of claims by a bankruptcy judge after the time for appeal from the underlying order has elapsed.") (emphasis added). Accordingly, we found that the grounds for relief were limited to those provided for in Rule 60 (i.e. mistake, fraud, newly discovered evidence, etc.), and that the appeal from the denial of that motion brought up for review only the order of denial itself and not the underlying judgment. See Browder v. Director, Dept. of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); Matter of Ta Chi Navigation Corp., 728 F.2d 699, 703 (5th Cir.1984).
 
 
 13
 In the instant case, Abraham filed a motion for reconsideration within the ten day period provided for appeals by Fed.R.Bank.P. 8002(a). The policy considerations which led us to construe Colley's motion as a Rule 9024 motion are not present here. The Ninth Circuit has held that a motion to reconsider is a motion to amend the judgment within the meaning of Rule 8002(b)(3),[1] which extends the ten day period for appeal where a timely Rule 9023 motion has been filed. In re Branding Iron Steak House, 536 F.2d 299, 300-01 & n. 1 (9th Cir.1976) (discussing previous Rules 307, 802 and 923, which correspond to present Rules 3008, 8002, and 9023). Accord In re Ambassador Park Hotel, 61 B.R. 792, 796 (N.D.Tex.1986). We likewise hold that a motion to reconsider, brought before the time to appeal has expired, is more properly treated as a Rule 9023 motion which tolls the ten-day period for appeals.[2] We see no useful purpose in requiring an appeal to be filed where a motion for reconsideration, which may obviate the need for an appeal, has been brought within the time period to take an appeal.
 
 
 14
 Because the district court construed Abraham's motion to reconsider as a Rule 9024 motion for relief from judgment rather than a Rule 9023 motion to amend judgment, we REVERSE the district court's ruling and REMAND the case to the district court to allow it to address the merits of the underlying judgment discharging all interest from Aguilar's debt to Abraham.
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 [1]
 The motion for reconsideration at issue in In re Branding Iron Steak House was brought during the period in which to take an appeal
 
 
 [2]
 Bankruptcy Rule 9023 incorporates Fed.R.Civ.P. 59 "except as provided in Rule 3008." Fed.R.Bank.P. 9023. The Advisory Committee Note to Rule 9023 notes that while Rule 59 motions must be served within the ten day period provided for appeals, "[n]o similar time limit is contained in Rule 3008 which governs reconsideration of claims." See 11 U.S.C.A. Bankruptcy Rule 9023 (1984) (Advisory Comm. Note). Although our decision in Colley provides that Rule 3008 motions brought after the ten day period for appeal will be construed as Rule 9024 motions subject to the constraints of Fed.R.Civ.P. 60, it does not so limit Rule 3008 motions brought during the time in which to take an appeal. Accord Whitemere Development Corp. v. TP. of Cherry Hill, 786 F.2d 185, 188 (3d Cir.1986) (motion for reconsideration within ten day limitation treated as Rule 59 motion which extends time for appeal, while motion brought after ten day period treated as Rule 60 motion)