**In re FERCO FABRICATORS, INC., Debtor.**

**In re HUSCH & EPPENBERGER, Movant.**

**In re Robert J. WHITEHEAD and William K. Freeman, Respondents.**

**Bankruptcy No. 90–20379–172.**

United States Bankruptcy Court, E.D. Missouri, N.D.

April 6, 1993.

David A. Warfield, Husch & Eppenberger, St. Louis, MO.

Edward Dowd, Jr., Dowd & Dowd, P.C., St. Louis, MO.

Leonora S. Long, Office of the U.S. Trustee, St. Louis, MO, for U.S. Trustee.

Vincent D. Vogler, Vincent D. Vogler & Associates, St. Louis, MO.

Steven W. LaBounty, I.R.S., Midwest Region, St. Louis, MO.

David Harris, Gallop, Johnson & Neuman, St. Louis, MO.

Jeffrey K. Fischer, Missouri Dept. of Revenue, Jefferson City, MO.

## ORDER DISALLOWING CLAIMS OF ROBERT J. WHITEHEAD AND WILLIAM K. FREEMAN

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court upon the *Motion to Reconsider Claims of Robert J. Whitehead and William K. Freeman* (the "Motion") filed by Husch & Eppenberger ("Husch"). Notice of the Motion was given to Robert J. Whitehead ("Whitehead") William K. Freeman ("Freeman"), the Official Unsecured Creditors Committee, the Office of the United States Trustee, and all other known administrative expense claimants. No objection to the relief sought in the Motion has been filed.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 29 of the Local Rules for the United States District Court for the Eastern District of Missouri. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

THE COURT FINDS AND CONCLUDES THAT:

A. On November 5, 1990, FERCO Fabricators, Inc. ("FERCO") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Since that date, FERCO has remained in possession of its assets and operated its financial affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

B. On or about November 5, 1990, Husch's employment as counsel to FERCO was approved by this Court pursuant to 11 U.S.C. § 327(a).

C. Robert J. Whitehead ("Whitehead") and William K. Freeman ("Freeman") were president and vice president, respectively, of FERCO at the time of the filing of the bankruptcy petition. Whitehead and Freeman purported to resign their corporate offices on or about January 18, 1991. Thereafter, on April 30, 1991, this Court entered its order pursuant to Bankruptcy Rule 9001(5) and 11 U.S.C. § 105(a) appointing Whitehead and Freeman as "representatives" of FERCO and its bankruptcy estate. A true and genuine photocopy of such order is attached to the Motion as **Exhibit A.**

D. On or about January 7, 1991, FERCO ceased all ongoing business operations suddenly when Magna Bank, then known as Landmark Bank (the "Bank") terminated all post-petition funding of FERCO.

E. The Bank received relief from the automatic stay, with FERCO's consent, on or about January 9, 1991. After receiving relief from the automatic stay, the Bank collected all of FERCO's accounts receivable. However, the Bank notified FERCO on January 21, 1991 that it intended to take no further action to liquidate the remaining inventory, machinery, and equipment.

F. After its January 21st announcement that it would not liquidate the remaining assets, the Bank continued to collect all of

FERCO's accounts receivable. The collection of the accounts receivable completely cut off all sources of cash for FERCO. The Bank also refused to pay rent or utilities, and continued to assert a lien on all remaining assets.

G. Floyd E. Riley, former majority shareholder of FERCO, was the landlord on FERCO's main manufacturing facility located on Robertson Road in Moberly, Missouri. Mr. Riley filed a motion to compel rejection of the lease for the manufacturing facility and obtained an order from the court directing FERCO to vacate the premises by January 30, 1991.

H. As a result of the foregoing, FERCO held an emergency auction sale of its raw materials, work in process, and finished goods inventory on or about January 30, 1991.

I. After the conclusion of the auction sale, FERCO moved substantially all of its remaining assets to the Highway 24 East facility. FERCO owns the Highway 24 East facility.

J. A second auction sale of substantially all the remaining tangible assets of FERCO was held in May of 1991. In the meantime, this Court entered an order on April 30, 1991 wherein FERCO and the Bank agreed to divide the proceeds of the sale of FERCO's assets.

K. On or about October 31, 1991, Whitehead, Freeman, and Novus Composites, Inc., a corporation of which Whitehead and Freeman are or were principals, filed an application for allowance of administrative expense claim in FERCO's case (the "Whitehead/Freeman Application"). The Official Unsecured Creditors Committee objected to the Whitehead/Freeman Application. On April 28, 1992, this Court entered its order disallowing Counts II, III, and IV of the Whitehead/Freeman Application but allowing Whitehead a claim pursuant to Count I of the Whitehead/Freeman Application in the amount of $3,123 and allowing Freeman a claim pursuant to Count I of the Whitehead/Freeman Application in the amount of $24,755.96.

L. On February 17, 1993, FERCO filed a Motion to Dismiss or for Other Relief (the "Dismissal Motion"). Pursuant to the Dismissal Motion, FERCO requests this Court to authorize it to: (a) pay the sum of $40,000 to G.W. Fiberglass, Inc. representing FERCO's share of the costs of cleaning up certain hazardous materials; and (b) dismiss the pending Chapter 11 bankruptcy case prior to consideration of any plan of reorganization.

M. On or about November 13, 1992, a Federal grand jury indicted Whitehead and Freeman each on six counts of violating criminal environmental statutes, one count of conspiracy to commit bankruptcy fraud, and four counts of bankruptcy fraud. The bankruptcy fraud indictment was later amended on February 4, 1993 to add two additional counts of bankruptcy crimes. A true and genuine copy of the environmental crimes indictment is attached to the Motion as *Exhibit B,* and a true and genuine photocopy of the amended bankruptcy crimes indictment is attached to the Motion as *Exhibit C.*

N. On February 17, 1993, Whitehead pled guilty to one count of a bankruptcy crime. In his plea, Whitehead agreed to cooperate fully with the United States of America in its prosecution of Freeman. A true and genuine photocopy of the *Plea Agreement and Stipulation of Facts Relative to Sentencing Pursuant to the Administrative Order of the Court Dated January 2, 1991* with respect to Whitehead's plea is attached to the Motion as *Exhibit D.*

O. Husch is a party in interest in this case in that this Court previously entered its order authorizing payment of attorneys' fees and expenses to Husch as counsel to FERCO. Some of Husch's attorneys' fees and expenses remain unpaid. Moreover, contemporaneously with the hearing on this Motion, a hearing will be held on Husch's application for allowance of additional attorneys' fees and expenses. Therefore, Husch is a claimant of the estate with a claim entitled to administrative expense priority *pari passu* with the claims of Whitehead and Freeman. Administrative claimants will receive approximately thirty percent of their allowed claims if

Whitehead and Freeman's claims are disallowed.

P. The information concerning the Claimants' actions described herein was not available at the time of allowance of these claims, and thus was not part of the Court's original consideration of these matters. Immediately upon verification of this newly discovered evidence, the Debtor submitted its motion for reconsideration.

Q. The standards to be applied in a motion to reconsider an order allowing or disallowing a claim under Rule 3008, Federal Rules of Bankruptcy Procedure ("FRBP"), filed after the time for appeal has expired, are set out at Rule 60, Federal Rules of Civil Procedure ("FRCP"), made applicable to Bankruptcy proceedings by Rule 9024, FRBP. Rule 60(b)(2) recognizes that relief from a judgment or order may be based on a showing of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), FRCP. *In re Cleanmaster Industries, Inc.*, 106 B.R. 628, 631 (9th Cir. BAP 1989); *Matter of Aguilar*, 861 F.2d 873 (5th Cir.1988). Therefore, based upon the standard at Rule 60(b)(2), cause has been shown and the Debtor's motion for reconsideration of these allowed claims is granted as a result of newly discovered evidence.

R. Notice of this motion and notice of the Debtor's argument in support of the request to disallow the claims, and notice of this hearing was given to each Claimant. No objection or other response was presented by or on behalf of the Claimants.

> After reconsideration, the court may allow or disallow the claim, increase or decrease the amount of a prior allowance, accord the claim a priority different from that originally assigned it, or enter any other appropriate order.

1983 Advisory Committee Note to Bankruptcy Rule 3008.

S. Cause exists for this Court to disallow the Whitehead and Freeman claims. Whitehead has already pled guilty to crimes in connection with this proceeding. Freeman is currently awaiting trial. Whitehead has agreed to cooperate with the United States of America in the prosecution of Freeman. The estate will pay $40,000 for the cleanup of hazardous materials. The real costs of Whitehead and Freeman's failure to dispose of the hazardous materials is much greater because of the delay in winding up the estate and the additional administrative expenses incurred by Husch to arrange for the removal of the hazardous waste.

T. Whitehead and Freeman's conduct has made administration of this estate more difficult and costly. It would be inequitable to permit Whitehead and Freeman to share in the limited distribution available to administrative claimants.

U. At Section 502(j), Congress has directed that claims may be allowed or disallowed upon reconsideration by the court according to the equities of the case. Although this language suggests that a court's action may be based solely upon equitable considerations, in fairness to claimants, the reasons proffered in support of reduction or disallowance of a reconsidered claim should first be subjected to a review under the appropriate law. Section 502(b) sets forth several grounds on which a claim may be not allowed. After reviewing the circumstances presented here, the Court has determined that these Claimants were insiders of the Debtor; and that the claimants' improper conduct significantly outweighs any benefit that may have resulted to the estate; and that the amount allowed on these claims for services rendered exceeds the reasonable value of such services. Pursuant to Section 502(b)(4), and upon reconsideration pursuant to Rule 3008, these claims are therefore not allowed.

**IT IS ORDERED** that this matter is concluded; and that the Debtor's motion to reconsider these previously allowed claims is **GRANTED**; and

That the administrative expense claims of Whitehead and Freeman are hereby disallowed in their entirety; and

That Whitehead and Freeman shall not be entitled to participate or share in any

distribution of funds made to claimants in this proceeding.