**In re Edwin JOHANSMEYER, Debtor.**

**No. 98–CV–4165.**

United States District Court,
E.D. New York.

March 16, 1999.

468

Wayne D. Holly, Law Offices of Tracy L. Klestadt, New York City, Richard J. McCord, Financial Center at Mitchell Field, East Meadow, NY, for debtor/appellant.

Mark S. Gamell, Debra H. Hand, Stockman Wallach Lentz & Gamell, LLP, New York City, for appellee.

## ORDER ADOPTING REPORT AND RECOMMENDATION

SEYBERT, District Judge.

This Court has received the February 24, 1999 Report and Recommendation of Magistrate Judge Michael L. Orenstein, which recommended that the April 23, 1998 Order of Bankruptcy Judge Melanie L. Cyganowski be affirmed in its entirety. Magistrate Judge Orenstein noted in his Report and Recommendation that "[a]ny objections ... must be filed with the Clerk of the Court ... within fifteen (15) days of the date of this Report." Thus, the time for objections expired on March 11, 1999.

On March 15, 1999, Appellant Edwin Johansmeyer filed a list of nine objections to the magistrate judge's Report and Recommendation. The same day, the Court received a copy of a letter dated March 9, 1999, addressed to Magistrate Judge Orenstein, which stated in part that "per our telephone conversation with Chambers this morning, this confirms that, upon consent of counsel for the appellee, ... Appellant's time within which to file objections, if any, ... is extended to and including March 18, 1999." Letter from Wayne D. Holly, March 9, 1999. However, upon investigation, no extension was granted.

█ In the first place, any requests for extension of the time in which to file objections to the report and recommendation of a magistrate judge must be directed to the

district judge to whom the report is addressed and under whose authority the report will be considered. See Fed.R.Civ.P. 72(b) ("the district judge to whom the case is assigned shall make a de novo determination [and] ... may accept, reject or modify the recommended decision"). Second, after receiving the Appellant's objections and the letter addressed to the magistrate judge, the Court confirmed with Magistrate Judge Orenstein that he had *not* granted an extension of time to file objections to his Report and Recommendation. Finally, the Appellant did not seek and the undersigned did not grant an extension of time in which to file his objections. Thus, the Court holds that the Appellant's objections to the magistrate judge's February 24, 1999 Report and Recommendation are untimely.[1]

Therefore, pursuant to Fed.R.Civ.P. 72, and having conducted a *de novo* review of the Report and Recommendation, the Court ADOPTS in full the magistrate judge's report and recommendation and concurs in the analysis and result stated therein. Accordingly, it is

ORDERED, that the April 23, 1998 Order of the United States Bankruptcy Court, Hon. Melanie L. Cyganowski, is AFFIRMED in its entirety for all the reasons stated in Magistrate Judge Orenstein's February 24, 1999 Report and Recommendation. The Clerk of the Court is directed to mark this case as closed.

SO ORDERED.

## *REPORT AND RECOMMENDATION*

This bankruptcy appeal arises from an Order of United States Bankruptcy Judge Melanie Cyganowski, dated April 23, 1998,[1] in the case *In re Edwin Johansmeyer,* Case

---

1. Even if the Appellant's objections had been timely made, there still is no basis upon which to disturb the report and recommendation of the magistrate judge. The Appellant has not submitted a memorandum of law in support of his position, has not cited to any legal authority that might compel a different result, and has failed to point to any citation in the record where the magistrate judge erred in either his findings of fact or conclusions of law. Thus, the untimely and conclusory objections filed by the Appellant do not assist the Court in its review of the report

and recommendation completed by Magistrate Judge Orenstein.

1. On April 6, 1998, Judge Cyganowski delivered an oral opinion from the bench after hearing argument on the debtor/appellant's motion for reconsideration. She then, on April 23, 1998, signed an Order confirming that ruling. The present appeal arises from the April 6, 1998 and April 23, 1998 Orders.

No. 094–72354–511 (Bankr.E.D.N.Y.1994). Such Order denied reconsideration of the court's May 23, 1997 Order. By Referral Order dated October 14, 1998, District Judge Joanna Seybert referred this appeal to the undersigned for a report and recommendation.[2] For the reasons that follow, this Court respectfully reports and recommends that the Order of Judge Cyganowski be **AFFIRMED** in its entirety.

## I. BACKGROUND

After a hearing and decision from the bench on May 12, 1997, the Bankruptcy Court issued an Order dated May 23, 1997, denying the debtor/appellant's motion to expunge the claim of the creditor/respondent, Planet Insurance Company, ("Planet") in the appellant's personal bankruptcy proceeding. In that motion, the appellant asserted, *inter alia*, that he had not executed the written, notarized "Continuing Agreement of Indemnity–Contractor's Form," dated October 30, 1990, upon which Planet's claim was based. Appellant relied exclusively upon his own affidavit in which he denied that the signature on the indemnity agreement was his. The appellant failed to appeal from the denial of that motion.

Rather, ten months after the entry of that Order, on March 21, 1998, the appellant moved for reconsideration of the May 23, 1997 Order. This time, the appellant included an affidavit from a forensic document examiner, who, after reviewing a photocopy of the original indemnity agreement, concluded that the signature was not that of Mr. Johansmeyer. In that motion, the appellant asserted, as justification for the delay, that he was awaiting the outcome of other bankruptcy-related litigation, and, upon the resolution of that matter, he filed the reconsideration motion. On April 6, 1998, the Bankruptcy Court heard argument, rendered a decision from the bench, and then issued an Order dated April 23, 1998 denying the motion for reconsideration, holding that the debtor failed to sustain its burden of establishing a proper ground for such reconsideration. *See Order*, dated April 23, 1998, Cyganowski, J. and *Hearing Transcript*, dated April 6, 1998.

The instant appeal followed. The appellant argues that the Bankruptcy Court was required to consider the good faith of the movant and the merits of the underlying claim in determining the motion for reconsideration, and erred by failing to examine these factors. Further, appellant argues that the Bankruptcy Court improperly considered the length of the appellant's delay in bringing the motion for reconsideration.

## II. STANDARD OF REVIEW

■ The Bankruptcy Court's order denying reconsideration was an exercise of the court's general equitable powers. Therefore, we review that order under an abuse of discretion standard. *See, e.g., Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 249 (2d Cir.1997); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 194 B.R. 728, 731 (S.D.N.Y. 1995) ("the Bankruptcy Court's denial of reconsideration is reviewable only for abuse of discretion"); *In re Integrated Resources, Inc.*, 157 B.R. 66, 70 (S.D.N.Y.1993). A court abuses its discretion where "it ignore[s] 'a material factor deserving significant weight,' relied upon 'an improper factor,' or made 'a serious mistake in weighing' proper factors." *In re Lambeth Corp.*, 227 B.R. 1, 6–7 (1st Cir. BAP 1998) *citing Independent Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988).

## III. DISCUSSION

■ It is well-settled that a bankruptcy court has the inherent authority to reconsider a disallowed claim. *See, e.g., In re Miles*, 39 B.R. 494, 496 (Bankr.W.D.N.Y.1984) ("it is the 'ancient and elementary power' of a Bankruptcy Court to reconsider any of its orders") (citation omitted); Federal Rule of Bankruptcy Procedure, Rule 3008 ("[a] party

---

**2.** The parties failed to include the documents that they had designated for inclusion in this record with the filing of the appeal. Accordingly, by Order dated October 30, 1998, this Court directed the parties to file such documents by November 30, 1998. *Order*, dated October 30, 1998, Orenstein, M.J. The parties have complied with that Order.

in interest may move for reconsideration of an order allowing or disallowing a claim against the estate"); United States Bankruptcy Code, 11 U.S.C. § 502(j) (1990) ("a claim that has been allowed may be reconsidered for cause, and reallowed or disallowed according to the equities of the case").

Accordingly, a bankruptcy court presented with a reconsideration motion is charged with the task of determining whether cause exists for reconsideration of its prior order. While the determination of whether "cause", within the meaning of Section 502(j), is present, "falls upon the equitable judgment of the court and is within the sound discretion of the court", *In re Flagstaff Foodservice Corp.*, 56 B.R. 910, 913 (Bankr.S.D.N.Y. 1986) *citing S.E.C. v. S. J. Salmon & Company, Inc.*, 375 F.Supp. 867, 869 (S.D.N.Y. 1974), courts generally rely upon the language and interpretation of Federal Rule of Civil Procedure 60(b). *See, e.g., In re Cleanmaster Indus., Inc.*, 106 B.R. 628, 630 (9th Cir. BAP 1989) ("Rule 60 sets forth the standards for reconsideration of claims and helps define 'cause' under § 502(j)"); *In re Resources Reclamation Corp., of America*, 34 B.R. 771 (9th Cir. BAP 1983).

Federal Rule of Civil Procedure 60(b) provides, in relevant part,

> On motion ..., the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one

year after the judgment, order, or proceeding was entered or taken. . . .

Fed.R.Civ.P. 60(b).

Further, when a motion for reconsideration is filed more than ten days after the order, as is the case here, several courts have held that such motion must be decided under Bankruptcy Rule 9024. *See, e.g. In re Leroux*, 216 B.R. 459 (Bankr.D.Mass.1997); *In re FERCO Fabricators, Inc.*, 153 B.R. 40 (Bankr.E.D.Mo.1993). Rule 9024 expressly requires consideration of Federal Rule of Civil Procedure 60(b) in determining a motion for reconsideration in a bankruptcy case. Rule 9024 provides in part

> Rule 60 F.R.Civ.P applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b). . . .

Fed.R.Bank.P. 9024 (1991). *See also, Colley v. National Bank of Texas*, 814 F.2d 1008, 1010 (5th Cir.1987).

With these standards in mind, this Court will now consider whether the Bankruptcy Court erred.

## IV. THE MOTION FOR RECONSIDERATION

In the present appeal, the appellant argues, "[u]nder any of the recognized standards, however, the Bankruptcy Court's decision to deny reconsideration is an abuse of discretion, because the court apparently failed to consider both the Debtor's good faith and the underlying merits of the Debtor's objection in ruling on the Reconsideration Motion." Appellant's Brief at 17. Further, the Appellant takes exception with the Bankruptcy Court's consideration of the "length of the delay between the May Order and the Reconsideration Motion" because such delay "is expressly permitted by the applicable legal standard, did not unduly burden administration of the case, and caused Planet no prejudice." *Id.*

In arguing before the Bankruptcy Court, appellant relied on two of the six standards

set forth in Federal Rule of Civil Procedure 60(b). Specifically, the appellant asked the bankruptcy court to consider the "excusable neglect" standard of Rule 60(b)(1) and the "for any other reason" language of Rule 60(b)(6). Accordingly, this Court will examine the appellant's motion under each of these standards.

### i.) Federal Rule of Civil Procedure 60(b)(1)—Excusable Neglect

In examining whether the element of "excusable neglect" has been satisfied, this Court applies the test announced by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 387–397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In that case, the Court articulated the following five factors for consideration:

> the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id. See also, Lambeth,* 227 B.R. at 8, n. 12 (applying the *Pioneer* test within the context of Federal Rule of Civil Procedure 60(b)).

Turning to the first factor, the danger of prejudice to the debtor, it is necessary to examine the merits of the claim. Obviously, if the debtor has a high likelihood of success on the merits of the claim, then a denial of the motion for reconsideration would cause significant prejudice to the debtor. Naturally, the inverse is also true—if the underlying claim lacks merit, a denial of the motion for reconsideration would not prejudice the debtor. In this case, this Court finds that the debtor's claim does not have merit, for the reasons explained herein at pages 9–12. Accordingly, this Court finds that, as to the first factor, there is no danger of prejudice to the debtor.

As to the second factor, the length of the delay, the parties do not dispute that the appellant waited from May 23, 1997 to March 21, 1998 to file the motion for reconsideration. Further, regarding the reason for the delay, the appellant admits that his delay was attributed to his decision to await the outcome of another related litigation within this bankruptcy action. The Bankruptcy Court characterized this to be "a deliberate tactic or litigation strategy" and could not, therefore, constitute excusable neglect. This Court understands such admission as a concession that the decision to move for reconsideration was within the reasonable control of the movant.

Turning next to the final *Pioneer* factor, the good faith of the movant, this Court finds that the appellant misled opposing counsel regarding the motion for reconsideration. Appellant argued to the Bankruptcy Court that it intended to move for reconsideration immediately after receiving the May 23, 1997 Order and had expressed that intention to Planet in May or early June of 1997. *See Hearing Trans.* dated April 6, 1998, at page 6. In response, Judge Cyganowski stated, "I guess I am bewildered why you didn't do anything formally to serve notice publicly that you were going to seek reconsideration." *Id.* While the Court accepted the appellant's representation that it had expressed an intention to seek reconsideration of the May 23, 1997 Order during a telephone conversation in early June of 1997, the Court further inquired, "[a]ssuming you had this phone call, assuming you said what you said, so what? I mean, in other words, by then you had an order that you had not appealed. I mean, what's Planet supposed to do. Planet's rights basically are preserved. Its claims continued to be allowed, per the order." *Id.* at 7.

Planet acknowledged that the appellant had called in early June 1997 expressing an intention to move for reconsideration. However, at that time, Planet asserts that the appellant asked for the production of the original indemnity agreement. While declining to proffer that document to the appellant, Planet invited the appellant to have his expert document examiner review the agreement in the presence of Planet's counsel. Appellant's attorney advised Planet's counsel that "he would let me know." *Id.* at 15. Ms. Hand, Planet's attorney, explained that she was never contacted again, and assumed that the appellant had decided not to pursue reconsideration. *Id.*

Also relevant when examining whether the movant acted in good faith by waiting to move for reconsideration is the effect that such delay had upon the respondent. Here, the Bankruptcy Court found that "Planet is clearly being prejudiced. I'm just saying, so what you made the phone call to Planet, I don't understand why you didn't make a motion back in June or July and then put it on hold." *Id.*

In response to the Court's inquiry, the appellant explained that because

> Mr. Johansmeyer is a man of limited resources[,][w]e embarked upon a course of action that we thought was appropriate given the fact that had the IRS appeal not succeeded, then any efforts Mr. Johansmeyer would have made would have been for naught.

*Id.* at 7–8. Rejecting this excuse, Judge Cyganowski reasoned

> [w]hile I appreciate that Debtors have limited resources, I believe that the Debtor could have preserved its desire to seek reconsideration by, among other things, making a motion seeking reconsideration and then requesting the Court to adjourn that motion, as the Court did with respect to other parts of the pending application, until such time as the taxing issues were resolved. That would have placed Planet on notice that reconsideration was a possibility, that was being pursued.

*Id.* at 36.

Judge Cyganowski next addressed the appellant's argument that Planet was not prejudiced by the delay in moving for reconsideration. Appellant claimed that Planet could have attempted to secure evidence when it was first notified that the appellant intended to move for reconsideration. Judge Cyganowski then asked, "Planet is in possession of a non-appealed order. It has an order in which it won. Why should Planet be put to the expense of having to expend monies in connection with the motion it won?" *Id.* at 12. Planet argued that it was prejudiced because of the appellant's delay in bringing the motion for reconsideration. Significantly, the ability of Planet to obtain copies of other agreements, contracts, invoices and other business documents signed by the debtor for the purpose of handwriting comparison has been compromised because Planet is now involved in an adversarial relationship with the other co-indemnitor on the subject agreement. Such deteriorated relationship did not exist in June of 1997.

Notwithstanding the fact that Planet has located the notary who acknowledged the debtor's signature, Carol Giuliani, and obtained an affidavit from her, this Court finds that Judge Cyganowski's determination that Planet is prejudiced was well-founded. The possible or probable loss of the co-indemnitor's testimony contributes to the prejudice, particularly if the appellant's examination of the notary demonstrates a clouded recollection of an event in 1990.

In light of the foregoing, the appellant has not demonstrated that he acted in good faith regarding the timing of the reconsideration motion. The appellant further failed to put Planet on notice that such motion would be made, due to its failure to re-contact Planet with respect to the production and examination of the original indemnity agreement.

After consideration of the *Pioneer* factors, this Court finds that the appellant has failed to demonstrate excusable neglect. Accordingly, the Bankruptcy Court acted properly in denying the motion for reconsideration because the appellant failed to sustain its burden of establishing a proper ground.

### ii.) Federal Rule of Civil Procedure 60(b)(6)'s "for any other reason" language

The appellant asserts that the "for any other reason" language of Federal Rule of Civil Procedure 60(b)(6) includes an examination of the underlying merits of the claim. Therefore, assuming arguendo that the Bankruptcy Court erred by denying the reconsideration motion under the excusable neglect standard, this Court finds that, because the appellant's underlying motion lacks merit, the present appeal should be dismissed. A brief review of the facts is necessary.

On November 17, 1995, Planet filed a proof of claim in the amount of $1,159,907.25 based upon the appellant's alleged liability under an Indemnity Agreement. On May 13, 1996,

Planet amended the amount of its claim to $1,164,086.95. On January 31, 1997, appellant filed an application with the bankruptcy court objecting to, *inter alia*, Planet's claim. The sole ground for the objection was that the appellant claimed that he did not sign the notarized Indemnity Agreement.

In support of the application, appellant annexed his own affidavit in which he denied the authenticity of his signature. Planet opposed the objection by opposition papers dated February 27, 1997 and the Bankruptcy Court held a hearing on the objection on March 3, 1997. After hearing argument, Judge Cyganowski reserved decision and directed that the parties brief the issue of the New York statutory presumption of the authenticity of acknowledged documents. Following the submission of memoranda of law from each party, Judge Cyganowski again heard argument and upon conclusion of that hearing, delivered an opinion from the bench on May 12, 1997 denying the appellants' objection to the extent that it sought to disallow, expunge, reduce or reclassify Planet's claim. Such Order was entered by Judge Cyganowski on May 23, 1997.

The Court, in support of its decision, explained that the appellant had failed to produce sufficient evidence to rebut the presumption of validity which attaches to a validly filed proof of claim, especially where such claim is based on a notarized document. Judge Cyganowski decided, that because "all that the Court has before it is the debtor's conclusory statement that he did not sign the continuing agreement of indemnity," (Tr. at 27, lines 24–25; Tr. at 1–2) the debtor did not "rebut the prima facie validity of that agreement which clearly has the affixed statement by the notary public that Mr. Johansmeyer had signed that document." (Tr. at 28, lines 2–5).

Further, Judge Cyganowski contrasted the appellant's affidavit with the fact that "the debtor, on his petition, identified Planet as holding a secured claim. At no time in identifying Planet as the creditor holding an allowed secured claim on his petition, did the debtor aver that he disputed the claim held by Planet." (Tr. at 24, lines 17–22) Judge Cyganowski also noted, "[i]t is further undis-

puted that at the time that the debtor filed his proposed Chapter 11 plan of reorganization and related disclosure statement, on or about June 29, 1995, the debtor classified his debt to Planet, as a, quote, 'allowed secured claim.'" (Tr. at 24, lines 23–25; Tr. at 25, lines 1–2.) Finally, Judge Cyganowski relied on the fact that the debtor failed to challenge a letter dated November 6, 1991 sent to him from Reliance, on behalf of Planet, which referred to Planet's status as a secured creditor of the debtor. The Bankruptcy Court explained, in support of its decision, "that prior to making this motion, in January of 1997, the debtor has not taken any action inconsistent with the statement that he signed that continuing indemnity agreement, nor has he challenged the fact that he signed the continuing agreement of indemnity." (Tr. at 28, lines 6–11).

The appellant's motion for reconsideration of the May 23, 1997 Order includes an affidavit and report of Paul A. Osborn, a forensic document examiner. After examining a reproduction of the original Indemnity Agreement, Mr. Osborn concluded that the signature on the Indemnity Agreement is not that of the appellant. Because the Bankruptcy Court had determined that Mr. Johansmeyer's affidavit was insufficient to rebut the statutory presumption of validity of a notarized document, appellant sought to have the decision reconsidered in light of Mr. Osborn's finding.

This Court is not convinced that the mere examination by the appellant's expert of a mechanical reproduction of the Indemnity Agreement is sufficient to override the appellant's repeated failure to object to Planet's claim. On at least three occasions the appellant accepted or acknowledged that Planet was a creditor. Accordingly, Judge Cyganowski acted within her sound discretion when she denied the motion for reconsideration.

### iii) The Length of the Delay

Finally, the appellant takes issue with the Bankruptcy Court's consideration of the length of the delay between the May 23, 1997 Order to the March 21, 1998 motion for reconsideration. As a preliminary matter,

this Court does not understand how the appellant can now object to the Bankruptcy Court's consideration of the length of the delay after the appellant urged the Bankruptcy Court to apply the test articulated by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 387–397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). There, the Court included "the length of the delay and its potential impact on judicial proceedings" as a proper factor for a reviewing court to consider.

However, it is undisputed that the debtor/appellant did not move for reconsideration of the May 23, 1997 Order until March 21, 1998, nearly ten months later. The debtor/appellant urges this Court to determine that the Bankruptcy Court erred by taking into consideration the delay in filing the motion for reconsideration. In support of this prong of its appeal, the appellant asserts that such delay "is expressly permitted by the applicable legal standard, did not unduly burden the administration of the case, and caused Planet no prejudice." *See* Appellant's Brief at 17.

While this Court agrees that the ten month time period between the court order and the motion for reconsideration does not violate the limitations period embodied in Bankruptcy Rule 9024, this Court finds, for the reasons set forth herein, that the length of the appellant's delay is a proper factor in a court's analysis.

### NOTICE TO FILE OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within fifteen (15) days of the date of this Report. Failure to file objections within this period waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir.1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996); *IUE AFL—CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir.1992).

ORENSTEIN, United States Magistrate Judge.

Dated: Uniondale, New York

February 24, 1999