In re ENRON CORP., et al., Reorganized Debtors.

No. 01–16034 (AJG).

United States Bankruptcy Court, S.D. New York.

Aug. 28, 2006.

---

Frederick W.H. Carter, Michael Schatzow, Venable, LLP, Baltimore, MD, Mark C. Ellenberg, Cadwalader, Wickersham & Taft LLP, Washington, DC, Melanie Gray, Sylvia Ann Mayer, Weil Gotshal & Manges, LLP, Patricia Williams Prewitt, Locke, Liddell & Sapp, LLP, Houston, TX, Michael P. Kessler, Brian S. Rosen, Weil, Gotshal & Manges, LLP, Albert Togut, Togut, Segal & Segal LLP, Peter S. Goodman, Andrews Kurth LLP, Edward Smith, Cadwalader Wickersham & Taft LLP, James Tecce, Robert E. Winter, Michael Earl Comerford, Milbank, Tweed, Hadley & McCloy, William S. Schaaf, Elizabeth Page Smith, Kathryn R. Eiseman, Edward J. Estrada, Leboeuf Lamb Greene & Macrae, LLP, Irena M. Goldstein, Dewey Ballantine LLP, New York, NY, Martin Sosland, Weil, Gotshal & Manges, LLP, Dallas, TX, Herbert K. Ryder, Pitney Hardin, LLP, Morristown, NJ, James A. Pardo, Jr., King & Spalding, Atlanta, GA, Michael T. Stewart, Klett Rooney Lieber & Schorling, Newark, NJ, for Reorganized Debtors.

**OPINION DENYING PETITION FOR RECONSIDERATION OF THE ORDER GRANTING THE DEBTORS' NINETEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (EMPLOYEE CLAIMS CONCERNING BONUSES AND OTHER INCENTIVES RELATED TO OWNERSHIP OF SECURITIES)**

ARTHUR J. GONZALEZ, Bankruptcy Judge.

Before the Court is a Petition for Reconsideration of the Order Granting the Debtors' Nineteenth Omnibus Objection to Proofs of Claim (the "Motion") filed by the claimant David L. Johnson ("Johnson"). Docket No. 30130 (Aug. 25, 2006). On May 2, 2006, this Court issued its opinion (the "Opinion") granting the debtor Enron Corp's ("Enron") 19th Omnibus Objection to Proofs of Claim, and on June 23, 2006, the Court issued an order (the "Order") reflecting the Court's conclusions. *In re Enron Corp.*, 341 B.R. 141 (Bankr. S.D.N.Y.2006); *Order Granting the Debtors' Nineteenth Omnibus Objection to Proofs of Claim*, Docket No. 29860 (June 23, 2006). In the Opinion, the Court concluded that Johnson's claim, among others, should be subordinated under 11 U.S.C. § 510(b) as a claim arising from the purchase or sale of a security. Johnson subsequently filed the Motion on August 6, 2006, asking this Court to reconsider the Opinion and Order. Under local rules, Enron was not required to respond to the Motion, and courts generally do not schedule a hearing on motions for reconsideration unless and until the motion is granted.[1] Thus, no opposition pleadings were

1. Though the Motion was received on August 6, 2006, it was not filed in accordance with

filed and no hearing was held on this matter. Having reviewed the Motion and the applicable law, and for the reasons set forth, the Motion is denied.

The Motion is a *pro se* pleading, and as such, it will be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Courts are instructed to "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). *Pro se* status, however, "does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)).

The Motion does not specify upon what grounds Johnson moves for reconsideration of the Order and Opinion. Three possible avenues for reconsideration are available under the Bankruptcy Code. First, under Fed.R.Bankr.P. 3008, a claimant or the debtor/trustee may move for "reconsideration of an order allowing or disallowing a claim against the estate." Similarly, 11 U.S.C. § 502(j) provides that an allowed or disallowed claim may be reconsidered for cause.[2] Second, under Fed.R.Bankr.P. 9023, which incorporates Fed.R.Civ.P. 59, a party may move for amendment of a judgment as provided in Fed.R.Civ.P. 59(a). Finally, under Fed. R.Bankr.P. 9024, which incorporates Fed. R.Civ.P. 60, a party may move for relief from a judgment or order on various equitable grounds as set forth in Fed.R.Civ.P. 60(b).

It should be noted at the outset that there is arguably a threshold issue as to whether the Motion may be pursued under Bankr.Rule 3008 or section 502(j). Motions for reconsideration under those provisions are limited to reconsideration "of an order allowing or disallowing a claim," Bankr.Rule 3008, or of "a claim that has been allowed or disallowed," 11 U.S.C. § 502(j). As a practical matter, the subordination of a claim may result in the claim being effectively disallowed, as such claims rarely participate in the distribution of the estate. Nonetheless, the plain language of those provisions would appear to exclude motions for reconsideration of a subordinated claim. However, the Court need not reach this issue, as the procedural differences between those sections and Bankr. Rule 9023 and Civ. Rule 60, which will be discussed shortly and which would make this issue more pressing in other circumstances, do not arise here.

The evident trend in the case law is to collapse these various avenues into

the court's electronic case filing procedures and was not placed on the electronic docket until August 25, 2006. Further, it appears that Enron was not directly served with a copy. The Court thus concludes that Enron may have only recently become aware of the Motion upon its docketing on August 25th. However, because, as will be discussed, the Motion does not on its face satisfy the standards for reconsideration under any arguably applicable rule, it is not necessary that Enron respond to the Motion.

**2.** Courts generally do not distinguish between motions filed under Bankr.Rule 3008 and motions filed under section 502(j). *But see In re DeGeorge Financial Corp.*, No. 99–32300–02, 2002 WL 31096716 (D.Conn. July 15, 2002) (treating motions for reconsideration under Bankr.Rule 3008 as Civ. Rule 59 motions and motions for reconsideration under section 502(j) as Civ. Rule 60 motions).

two standards distinguished by the length of time that elapsed between entry of the order and the filing of the motion. *See generally* 9C Am.Jur.2d Bankruptcy § 2550 (2006). Civ. Rule 59(e), as incorporated in Bankr.Rule 9023, and Bankr.Rule 8002(a) both create a ten-day period following entry of an order of judgment during which an appeal under Bankr.Rule 8002 or a motion to amend under Bankr. Rule 9023 must be filed. Similarly, Civ. Rule 60(b), as incorporated in Bankr.Rule 9024, provides that motions for relief from judgment must be filed within a reasonable time following entry of the order of judgment, generally less than one year. However, both Bankr.Rule 9023 and Bankr.Rule 9024 also provide that, *inter alia*, the time limitations set forth in those provisions do not apply to motions for reconsideration of an allowance or disallowance of a claim.[3] As neither Bankr. Rule 3008 nor section 502(j) specify any procedural deadline, motions for reconsideration can therefore presumably be filed at any time. *But see, Int'l Yacht and Tennis, Inc. v. Wasserman (In re Int'l Yacht and Tennis, Inc.)*, 922 F.2d 659, 662 n. 5 (11th Cir.1991) (discussing motions for reconsideration filed after a case has closed).

 Given the similarity in both theory and practice between motions for reconsideration, motions to amend the judgment, and motions for relief from judgment, the question thus arises as to the interrelationship of these provisions. This question is of particular relevance given the different standards applied to motions filed under the various rules. "As the Advisory Committee Note to Bankruptcy Rule 3008 evidences, the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary. . . ." *In the Matter of Colley*, 814 F.2d 1008, 1010 (5th Cir.1987) (citing Fed. R.Bankr.P. 3008, Advisory Committee Note (1983)). *See also, In re DeGeorge Financial Corp.*, 2002 WL 31096716, at *13 ("Reconsideration under Rule 3008 is discretionary with the court."). On the other hand, section 502(j) provides that the bankruptcy court may reconsider the allowance or disallowance of claim "for cause;" Bankr.Rule 9023 allows a bankruptcy court to amend a judgment for equitable reasons; and Bankr.Rule 9024 details six specific and exclusive grounds upon which relief from judgment may be granted.

In two cases, the Fifth Circuit linked the standards for these various rules in terms of the delay permitted between entry of the order of judgment and the filing of the motion. In *Colley*, the Fifth Circuit first held motions for reconsideration under either Bankr.Rule 3008 or section 502(j) should be analyzed "pursuant to the usual [Civ.] Rule 60 standards" and characterized the criteria specified in Civ. Rule 60 as an elaboration on the "for cause" standard of section 502(j). 814 F.2d at 1010. *See also, In re W.F. Hurley*, 612 F.2d 392, 394–396 (8th Cir.1980) (considering predecessor to Bankr.Rule 3008). This holding was refined a year later in *In the Matter of Aguilar*, 861 F.2d 873 (5th Cir.1988). Linking motions for reconsideration to the ten-day window created by Bankr.Rules 8002 and 9023 and the tolling effect of motions filed under Bankr.Rule 9023, the court held that "a Rule 3008 motion filed within the ten day period is in fact analogous to a [Bankr.] Rule 9023, or Fed. R.Civ.P. 59 motion." *Id.* at 874. In contrast, where, as in *Colley*, a motion for

---

**3.** The exception under Bankr.Rule 9024 only applies to claims that were allowed or disallowed without contest.

reconsideration is filed after the ten-day period has expired, courts should treat the motion as a Bankr.Rule 9024 or Civ. Rule 60 motion. This is not to say that under this approach, motions for reconsideration are necessarily either Civ. Rule 59 or 60 motions. Rather, all motions for reconsideration are merely substantively analyzed as if they were either Civ. Rule 59 or Civ. Rule 60 motions. Thus, a motion for reconsideration which was not filed within the time period specified by Civ. Rule 60(b) and which relates to a claim disallowed or allowed without contest could nonetheless still be properly brought under Bankr.Rule 3008 or section 502(j) and would be analyzed pursuant to the standards for Civ. Rule 60 motions.

This bifurcated approach has been adopted subsequently by a majority of courts that have considered the issue. *See, e.g., VFB LLC v. Campbell Soup Co.,* 336 B.R. 81, 85–86 (D.Del.2005) (see in particular note 3); *In re Johansmeyer,* 231 B.R. 467, 470 (E.D.N.Y.1999); *US v. Colvin,* 203 B.R. 930 (N.D.Tex.1996); *In re Leroux,* 216 B.R. 459, 463–464 (Bankr. D.Mass.1997); *Tandy Credit Corp. v. Martinez (In re Martinez),* 179 B.R. 90 (Bankr. N.D.Ill.1994); *In re FERCO Fabricators, Inc.,* 153 B.R. 40, 43 (Bankr.E.D.Mo.1993). *But see In re Farley, Inc.,* 211 B.R. 889, 892 (Bankr.N.D.Ill.1997) (citing *U.S. v. Motor Freight Express (In re Motor Freight Express),* 91 B.R. 705, 710 (Bankr. E.D.Pa.1988)) ("the only practical effect of the added language in [Bankr.] Rule 9023 is the elimination of the 10–day period in which a party seeking reconsideration of a claim in the nature of Rule 59 may proceed"); *In re Excello Press, Inc.,* 83 B.R. 539, 541 (Bankr.N.D.Ill.1988) (holding that all motions for reconsideration should be treated as Civ. Rule 60 motions). *See also In re Cassell,* 206 B.R. 853 (Bankr.W.D.Va. 1997) ("The 'cause' standard of § 502(j) is not identical to the more stringent 'excusable neglect' standard of Fed.R.Civ.P. 60(b).... Nevertheless, the factors considered in an excusable neglect analysis 'are likely applicable to a cause analysis.' ") (citations omitted). The Court likewise adopts this approach as the best means through which to harmonize these provisions of the Bankruptcy Code.

■■■■ Thus, as the Motion was filed after the ten-day period specified in Civ. Rule 59(e) expired, the Court will treat the Motion as a motion for relief from judgment under Bankr.Rule 9024 and Civ. Rule 60. A Civ. Rule 60 motion "is addressed to the sound discretion of the trial court." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 244 (2d Cir. 1991). 12 James Wm. Moore et al, Moore's Federal Practice § 60.22[1] ("The cases interpreting the rule have consistently held that, except when it is a motion under Rule 60(b)(4) for relief from a judgment that is totally void, a party has no right to relief.").

Civ. Rule 60(b) lists six grounds upon which a court may relieve a party from a final judgment

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

■ The Motion discusses a number of propositions, but the Court does not believe any fall within the parameters of the first five listed grounds. The Motion most clearly states that reconsideration is proper because "this is not a 510(b) 'purchase of securities' case as contemplated in the Order, but rather a much more straightforward compensation case." Similarly, the Motion discusses related criminal proceedings in the District Court for the Southern District of Texas. Neither of these arguments implicates excusable neglect, newly discovered evidence, fraud, a voided judgment, or satisfaction of the judgment. Rather, the Court believes the Motion is best addressed to the Civ. Rule 60(b)(6) catch-all provision.

■ Civ. Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served." *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir.1963). However, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *US v. Int'l Bhd. Of Teamsters,* 247 F.3d 370, 391 (2d Cir.2001). Johnson has not made such a showing here. Any developments in the district court criminal proceeding are irrelevant to this Court's judgment for the simple reason that this Court never reached any issues to which the criminality of those defendants was relevant. Moreover, "Rule 60(b)(6) is not ... a substitute for an appeal from an erroneous judgment." *In re Teligent, Inc.,* 306 B.R. 752, 761 (Bankr.S.D.N.Y.2004) (citations omitted). Whether Johnson is correct in his assertion that this Court incorrectly interpreted the relevant law, an error in legal interpretation does not constitute "extraordinary circumstances."

Accordingly, the Motion is DENIED. The Debtor is to settle an order, attaching this Opinion thereto, denying the relief requested.