United States Court of Appeals,

Fifth Circuit.

No. 93-2589

Summary Calendar.

In the Matter of Kerry G. FELLOWS and Beverly Bailey-Fellows, Debtors.

Kerry G. FELLOWS and Beverly Bailey-Fellows, Appellants,

v.

COLONIAL SAVINGS AND LOAN ASSOCIATION, Appellee.

April 26, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before DAVIS, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

The debtors appealed to the district court the bankruptcy court's ruling lifting the automatic stay and allowing Appellee to foreclose on the debtors' home. The district court affirmed. Finding the appeal to the district court untimely, we vacate and remand for dismissal of the appeal for lack of jurisdiction.

I. The First Notice of Appeal

The bankruptcy court entered an order lifting the automatic stay on June 13, 1991. On June 18, 1991, the Fellows filed a motion to set aside or in the alternative for rehearing, and on the same day they filed a notice of appeal.

In noting a probable jurisdictional defect with this notice of appeal, the district court considered that a motion to set aside was not among the post-trial motions which the Bankruptcy Rules

1

specifically enumerate as suspending the effect of a notice of appeal.  The pertinent Bankruptcy Rule provides in part as follows:

> **Effect of Motion on Time for Appeal.**  If a timely motion is filed by any party:  (1) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration in the judgment would be required if the motion is granted;  (2) under Rule 9023 to alter or amend the judgment;  or (3) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.  A notice of appeal filed before the disposition of any of the above motions shall have no effect;  a new notice of appeal must be filed.

Fed.R.Bankr.P. 8002(b).  This Rule essentially tracks former Federal Rule of Appellate Procedure 4 pertaining to the effect of such motions on a notice of appeal from a district court order to a circuit court.[1]  Additionally, the enumerated motions, a Rule 7052(b) motion to amend or make additional findings of fact, a Rule 9023 motion to alter or amend the judgment, and a Rule 9023 motion for new trial, are the same as their counterparts under Federal

---

[1]Former Rule 4 of the Federal Rules of Appellate Procedure provided in part as follows:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party:  (i) for judgment under Rule 50(b);  (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted;  (iii) under Rule 59 to alter or amend the judgment;  or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.  A notice of appeal filed before the disposition of any of the above motions shall have no effect.  A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

Rules of Civil Procedure 52 and 59.[2]

Regardless of the caption of a post-trial motion, " "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e).' " *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 669 (5th Cir.1986) (en banc) (interpreting former Fed.R.App.P. 4) (quoting 9 Moore's Federal Practice para. 204.12[1] at 4-67 (1985)), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). This bright-line approach avoids the inquiry into whether a post-judgment motion is one of the "specified" motions which affects the timeliness of a notice of appeal. *See id.* at 670. Because the debtors' post-judgment motion sought a reconsideration of their res judicata argument advanced earlier in opposition to granting relief from the automatic stay, the motion drew into question the correctness of the court's order granting stay relief. Accordingly, it is treated as a motion under Rule 59 (or its counterpart, Bankruptcy Rule 9023) for purposes of the timing of a notice of appeal. The notice

---

[2]Bankruptcy Rules 7052 and 9023 adopt Federal Rules of Civil Procedure 52 and 59 respectively. (Although Bankruptcy Rule 7052 adopts Fed.R.Civ.P. 52 "in adversary proceedings," Rule 52 nevertheless applies pursuant to Bankruptcy Rule 9014 (making Bankruptcy Rule 7052 applicable to contested matters as well as adversary proceedings)). Rule 52 provides in part as follows:

> **(b) Amendment.** Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

Rule 59 provides for a motion for new trial and a motion to alter or amend a judgment to be served not later than 10 days after entry of judgment.

3

of appeal filed before the disposition of that post-judgment motion had no effect.  Fed.R.Bankr.P. 8002(b).

## II. The Second Notice

On January 17, 1992 debtors moved for leave to appeal and filed a second notice of intent to appeal.  The ten-day time period for filing a notice of appeal after a post-judgment motion runs from entry of the order denying the motion.  Fed.R.Bankr.P. 8002(a).  In support of their motion for leave to appeal, the debtors argued that leave to appeal should be granted because the bankruptcy court had not yet signed an order on their motion to set aside.

On August 8, 1991, the bankruptcy court had issued a handwritten order, "motions denied," on the bottom of the debtors' proposed order setting for hearing the motion to set aside.  In response to this order, on August 28 the debtors moved for entry of an order on their motion to set aside or for extension of time within which to file a notice of appeal.  In these alternative motions they admitted receiving indication of the judge's denial of a motion, but declared that the order was ambiguous because it was written on the request for a hearing;  the debtors complained that they did not know whether their request for a hearing, the motion to set aside, or both, were denied.

On September 3, 1991, the bankruptcy court issued another handwritten order, this one on the debtors' proposed order pertaining to the motion to set aside order.  The judge wrote, "Denied.  No "Ex. A' was attached to this motion.  No cause shown

4

for extension."

The district court considered that the September 3 bankruptcy order denied the motion to set aside. Because of a possibility that the final bankruptcy court order might be ambiguous, however, the district court addressed the merits of the appeal rather than dismissing the appeal as untimely.

We find no ambiguity in the bankruptcy court's September 3 order when viewed in the context of the chronology of motions. The debtors' August 28 motion asked for a clarification pertaining to the August 8 ruling, specifically whether a ruling on their motion to set aside had been intended. The September 3 order provided precisely that clarification.

Debtors did not file their second notice of intent to appeal until January 17, 1992. This notice of appeal was filed well after ten days from the denial of the motion to set aside. The failure to file a timely notice of appeal results in a jurisdictional defect. *Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 874 (5th Cir.1988).

Accordingly, the district court was correct in its observations regarding lack of appellate jurisdiction, and should have dismissed the appeal.

VACATED and REMANDED for dismissal of the appeal.

5