FILED
United States Court of Appeals
Tenth Circuit

March 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: TOBY SCRIVNER;
ANGELIQUE PISANO,

Debtors.

_____

JOHN D. MASHBURN,

Plaintiff-Appellee,

v.

TOBY SCRIVNER; ANGELIQUE
PISANO,

Defendants-Appellants.

No. 09-6029
(No. 08-083-WO)
(BAP)

---

**ORDER AND JUDGMENT**\*

---

Before **GORSUCH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

\*    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Debtors Toby Scrivner and Angelique Pisano, husband and wife, appeal from an order and judgment of the Bankruptcy Appellate Panel (BAP) dismissing their appeal for lack of jurisdiction. We agree with the BAP that the appeal was premature. Accordingly, we affirm the order and judgment of the BAP.

Mr. Scrivner and Ms. Pisano filed for bankruptcy under Chapter 7 on October 14, 2005, listing income from an ownership interest in the television show Cheaters L.L.C. On March 7, 2006, the bankruptcy court granted the two a discharge. Later that month, the Trustee moved for turnover of the income the two received from Cheaters after filing for bankruptcy. The bankruptcy court granted the motion. Mr. Scrivner and Ms. Pisano neither appealed the order nor turned over the Cheaters income.

On August 23, 2006, the Trustee filed a motion to surcharge the exempt property of Mr. Scrivner and Ms. Pisano, because they had failed to comply with the turnover order. The bankruptcy court, on October 24, directed that the two turn over to the Trustee $17,424.75, which was the income they had received from Cheaters since filing bankruptcy, plus interest and attorney's fees, and, if they did not do so, the court authorized the Trustee to surcharge their exempt property.

Mr. Scrivner and Ms. Pisano appealed to the BAP. The BAP affirmed the bankruptcy court's surcharge order. *Scrivner v. Mashburn (In re Scrivner)*, 370 B.R. 346 (B.A.P. 10th Cir. 2007). We, however, reversed the BAP's

judgment and the bankruptcy court's order authorizing the surcharge of the exempt assets. *Scrivner v. Mashburn (In re Scrivner)*, 535 F.3d 1258 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1613 (2009).

While the appeal to the BAP on the surcharge order was pending, the Trustee filed an adversary proceeding in the bankruptcy court. In the complaint's first count, he sought judgment against Mr. Scrivner and Ms. Pisano for the outstanding turnover amount, plus interest, attorney's fees, and costs. In the second count, he asked the court to revoke Mr. Scrivner's and Ms. Pisano's discharge under 11 U.S.C. § 727(d)(2), because they knowingly and fraudulently failed to deliver property of the estate to the Trustee, and under 11 U.S.C. § 727(d)(3), because they refused to obey the bankruptcy court's orders. The parties filed cross motions for summary judgment.

On September 12, 2008, the bankruptcy court granted the Trustee's motion for summary judgment and denied Mr. Scrivner's and Ms. Pisano's motion for summary judgment. The court decided the first count was moot due to our reversal of the surcharge order. The bankruptcy court revoked the discharge as requested in the second count. Declining to address the Trustee's entitlement to revocation of discharge based on § 727(d)(2), the court revoked discharge under § 727(d)(3), due to Mr. Scrivner's and Ms. Pisano's failure to comply with the court's order requiring turnover or to provide a sufficient explanation for their failure to comply.

On September 19, 2008, Mr. Scrivner and Ms. Pisano filed a notice of appeal to the BAP. *See* Fed. R. Bankr. P. 8002(a) (1997) (amended in 2009 to change time for filing notice of appeal from bankruptcy court decision from ten to fourteen days). Also that day, the Trustee filed a timely post-decisional Motion to Alter or Amend the Court's Findings and Judgment or, in the Alternative, Motion for New Trial on Count I of the Trustee's Complaint, pursuant to Fed. R. Civ. P. 52, 59, and 60, made applicable by Fed. R. Bankr. P. 7052, 9023, and 9024, respectively. *See generally* Fed. R. Bankr. P. 8002(b) (1997) (amended in 2009 to change time periods for filing timely motions). He contended that the first count was not moot and that a money judgment was needed for the amount of the turnover debt, because the turnover order did not state any dollar amount and the order granting a surcharge had been reversed. Thus, the Trustee sought an order amending the judgment to state the Trustee could recover from Mr. Scrivner and Ms. Pisano $17,425.75, plus interest and reasonable attorney's fees and costs.

The BAP issued an order and a judgment, dismissing Mr. Scrivner's and Ms. Pisano's appeal on jurisdictional grounds. First, the BAP decided it lacked jurisdiction because the bankruptcy court's decision was not final and appealable under 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1) as it did not decide whether the Trustee was entitled to revoke discharge under § 727(d)(2). Also, the BAP decided the appeal was premature under Rule 8002(b) because the bankruptcy

-4-

court had not ruled on the Trustee's pending motion.  Mr. Scrivner and Ms. Pisano appealed.

We review de novo whether the BAP properly dismissed their appeal for lack of jurisdiction.  *See Mason v. Young (In re Young)*, 237 F.3d 1168, 1172 (10th Cir. 2001).  Rule 8002(b) governs the effect of a timely filed motion to alter or amend, or for a new trial, on the time for filing an appeal.  The rule provides that a notice of appeal filed before the motion is decided is ineffective until an order is entered disposing of the motion.  The Advisory Committee Notes state that Rule 8002(b) "is essentially the same as" Fed. R. App. P. 4(a)(4).

Under the version of Rule 4(a)(4)(A) in effect at the time of the appeal to the BAP,[1] if a party filed a timely motion to amend under Rule 52(b); a timely motion to alter or amend under Rule 59; a motion for new trial under Rule 59; or a motion for relief under Rule 60 filed no later than ten days after judgment was entered, the time for filing an appeal ran from the date of the order disposing of the motion.  *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) ("If a party files a postjudgment motion within ten days of the final order, the time for filing a notice of appeal is tolled pending resolution of the motion.").  If a party filed a notice of appeal before the court disposed of any of these motions, the

---

[1] Rule 4(a)(4)(A) was also amended in 2009 to match revisions to the time limits in the Federal Rules of Civil Procedure.

notice of appeal became effective when an order was entered disposing of the motion. Fed. R. App. P. 4(a)(4)(B)(i).

As of this date, the bankruptcy court has not ruled on the Trustee's motion to alter or amend or, alternatively, for a new trial. Thus, the adversary proceeding remains open, and the bankruptcy court retains jurisdiction. Mr. Scrivner's and Ms. Pisano's notice of appeal, which was filed before the disposition of the motion, therefore has no effect. *See Fellows v. Colonial Savings & Loan Ass'n (In re Fellows)*, 19 F.3d 245, 246 (5th Cir. 1994).

Mr. Scrivner and Ms. Pisano argue that because the Trustee's motion only concerns the first count of the adversary proceeding, nothing precludes their appeal of the revocation of discharge. They, however, cite no authority, and we have found none, supporting their argument. Neither Rule 4(a)(4)(A) nor Rule 8002(b) lists exceptions to the rule that a timely motion tolls the time for an appeal.

Additionally, Mr. Scrivner and Ms. Pisano argue that the Trustee's motion was not a proper Rule 52, 59, or 60 motion. Specifically, they contend that the Trustee did not ask the bankruptcy court to amend its findings or make additional findings as is required by Rule 52(b). Also, they contend that the Trustee asked the court to exchange the money judgment contained in the surcharge order for a new money judgment of $17,424.75, and this does not qualify for a new trial under Rule 59(a). Through these arguments, Mr. Scrivner and Ms. Pisano, in

effect, ask us to rule on the merits of the Trustee's motion.  But we have no jurisdiction to do so.

We conclude that the BAP correctly decided that Mr. Scrivner's and Ms Pisano's appeal from the bankruptcy court was premature.[2]  Accordingly, we AFFIRM the judgment of the BAP.

Entered for the Court


Stephen H. Anderson
Circuit Judge

---

[2]     Because the appeal was premature, we need not address whether the bankruptcy court's order was final and appealable.